■ ELIZABETH S. O'TOOLE, Respondent, v ROBERT V. O'TOOLE, Appellant. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered February 13, 1981 in Albany County, which denied defendant's motion to vacate a default judgment. The parties were divorced in 1965. A separation agreement previously entered into and providing a formula for calculating alimony and child support was incorporated into the divorce decree. Plaintiff brought this action in 1978 to recover support arrearages allegedly owed to herself and the parties' three children, increased future support payments occasioned by defendant's alleged gains in his own personal income, and counsel fees. After protracted procedural delays, December 14, 1979 was assigned as a day certain for the jury trial of this standards and goals case. The court adjourned the matter to December 18, 1979, on which date, at defendant's request but over plaintiff's objection, it was again adjourned to January 2, 1980. However, defendant, a medical doctor, still was not ready to proceed and the trial was postponed until January 14, 1980, once more over plaintiff's objection. On January 14, defendant's attorney sought another adjournment because his client was undergoing eye surgery. The court acceded and adjourned the matter to February 25, 1980, but did so on the express condition that defendant make two monthly support payments during the interim. When those payments were not made, the court granted plaintiff a default judgment for the precise amounts sought in her amended complaint. After defendant's motion to reargue was denied, he moved to vacate the default on December 19, 1980, 10 months after the judgment had been awarded. For the first time it was now claimed on defendant's behalf that he had tendered payment as required by the court and, therefore, had never been in default. Special Term found defense counsel's affidavit not only legally deficient but factually misleading, and on observing that plaintiff was blind, a recipient of disability income and dependent upon the alimony and support payments due to her, refused to vacate the default. There is no substance to the contention that the court acted injudiciously in imposing, as a condition for adjournment, the

resumption of support payments. Defendant's repeated failure to "proceed to trial of an action reached and called for trial" constituted a default (CPLR 3215, subd [a]). By being permitted an adjournment defendant was in effect being allowed to avoid the consequences of his default; in granting such relief, courts have often seen fit to protect the other party by imposing pecuniary conditions not unlike those prescribed here (see, e.g., *Wehle v Mauz*, 48 AD2d 692). Nor is there merit to the claim that defendant tendered the two support payments precisely as required. To begin with, the record does not bear out this assertion. Furthermore, it is undermined by the fact that defendant inexplicably neglected to raise it in his affidavit in opposition to the application for the default, made on February 21, 1980, or urge it on the motion to reargue; and no attempt is made to explain why defendant waited 10 months before finally coming forward with this claim, which, if accepted, would clearly have relieved him of his default. In addition to the absence of a reasonable excuse for the delay, one prerequisite for the vacatur of a default, the affidavit offered to establish the existence of a meritorious defense is patently insufficient for it is conclusory in character and made by defense counsel who had no personal knowledge of the facts (see *Lifset v Ehrlich*, 61 AD2d 1063). In the circumstances of this case, allotting counsel fees to plaintiff is permissible pursuant to section 238 of the Domestic Relations Law (see *Galyn v Schwartz*, 77 AD2d 437, 442). And as for the suggestion that plaintiff is not indigent and, therefore, ineligible for an award of fees, since that argument was not advanced earlier we see no need to address it now (*Board of Trustees of Vil. of Lansing v Pyramid Cos.*, 51 AD2d 414, 416). Although Special Term quite properly declined to free defendant of his default, we note that determination of the extent of plaintiff's damages involves application of a mathematical computation which, to be correctly arrived at, in turn depends upon resolution of various factual issues such as: the amount of defendant's salary and pension increases during those periods not found to have been barred, in an earlier ruling, by the Statute of Limitations; and whether, and if so when, any of the children of this marriage have become self-supporting and have completed their college education. We, therefore, believe the court should conduct a hearing, without a jury, to assess plaintiff's damages (CPLR 3215, subd [b]). Order modified, on the law, by adding thereto a provision directing an inquest for the purpose of determining the amount of plaintiff's damages on each of her three causes of action, and, as so modified, affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.