OPINION OF THE COURT
Vincent R. Balletta, Jr., J.
Application by Annette Scipione, as mother and natural guardian of Donna Marie Scipione, an infant, for an order directing the respondent to produce the entire hospital record of the infant for copying by a commercial photocopying facility, is determined as follows.
The basis for this application is section 17 of the Public Health Law which provides that a patient or parent of an infant patient is entitled to a copy of any and all of the patient’s medical records upon payment to the hospital or physician of a reasonable charge for the expenses incurred in copying and delivering the records.
It should be noted that the respondent does not object to providing the records, but prior to the application, informed the petitioner that there would be a $15 handling fee plus $1.50 per page charge for the 727 pages of the child’s records, for a total sum of $1,105.50.
On this application the petitioner takes the position that the charge is unreasonable since the average copying charge should run about 10 cents a page. Petitioner there *325 fore requests that the records be turned over to the petitioner, who will copy the same at a commercial photocopying establishment.
In opposition, the respondent argues that the per page charge is indeed reasonable since the medical records department of the hospital is an expensive operation and significant time of several hospital employees is involved every time a request is made for copies of records. The hospital argues that it bases its reasonable charge upon the cost of the employees’ time.
It is the opinion of this court that to order a hearing in this matter to determine the reasonableness of the charge would be an improvident waste of judicial time. As noted by Justice Roncallo, in his order dated January 22, 1981 in the Matter of Yanez v Central Gen. Hosp. (Supreme Ct, Nassau County, Index No. 9302/80): “This Court has been inundated with a plethora of applications to determine the economic feasibility of fees to be charged for the reproduction of hospital records.” Justice Roncallo’s order then went on to provide that the petitioners would either pay the charge requested by the hospital, or the petitioners would be permitted to rent a photocopying machine and to photocopy the record at the hospital or at a mutually agreed-upon place outside the hospital. In either instance, the order provided that the copying was to be done under the supervision of a hospital employee, and that if this latter option were chosen, the petitioner would pay to the hospital a $15 search and retrieval fee plus a reasonable fee for the hospital employee supervising the copying.
This court is in full agreement with Justice Roncallo’s decision, and accordingly, the petitioner’s motion is denied. In the alternative, the petitioner may obtain copies of the infant’s medical records by either paying the full charge requested by the hospital or by renting a photocopying machine and copying the records at the hospital or another mutually agreed-upon site, under the direct supervision of an employee of the hospital. In such a case, the petitioner shall pay to the hospital a $15 search and retrieval fee, as well as a fee for the hospital employee who supervises the copying.