OPINION OF THE COURT
Bernard F. McCaffrey, J.
This is an application for preaction discovery of respondent’s hospital records in order for the petitioner to identify parties to an action about to be brought. The petitioner was admitted as an inpatient at the North Shore University Hospital from April 1, 1980 to July 4, 1980, during which time he claims he was the victim of negligent medical treatment and medical malpractice resulting in permanent personal injuries. By reason of this, petitioner seeks to bring an action against various personnel who participated in his medical treatment and who were physicians and nurses at the aforesaid hospital. In order for petitioner to be able to identify these parties in the action to be brought, it is necessary that he be availed the right to obtain his hospital records. Said records were requested by a duly executed authorization; however, the hospital record is some 949 pages long and the petitioner has been advised the charge for said record is $974.
*735 The petitioner challenges this proposed cost as excessive and an indirect attempt on the part of the hospital to wrongfully withhold the records from petitioner. According to petitioner, if the respondent agreed to deliver the record to a particular copier, the copying can be accomplished at the reduced cost of 10 cents per page. Petitioner is willing to pay 10 cents per page for said copying.
The imposition of a “reasonable” charge for providing such records is supported by the provisions of section 17 of the Public Health Law which provides in part as follows: “Either the physician or hospital incurring the expense of providing copies * * * may impose a reasonable charge to be paid by the person requesting the release and deliverance of such records as reimbursement for such expenses”.
Admittedly the statute is silent as to what constitutes a “reasonable” charge, but case law supports the fee proposed by the respondent as a reasonable charge. (See Panepinto v Paley, Supreme Ct, Nassau County, Index No. 9751/81; Matter of Diaz v Long Is. Jewish-Hillside Med. Center, Supreme Ct, Queens County, Index No. 15424/80.)
The explanation contained in respondent’s papers relative to the administrative charges incurred in the handling of its records is in no way contradicted by the petitioner. To order a hearing in this matter to determine the reasonableness of the charge beyond that already stated herein would be an improvident waste of court time. (Scipione v Long Is. Jewish-Hillside Med. Center, Supreme Ct, Nassau County, Index No. 7335/82.) Furthermore, the reluctance of the hospital to permit the removal of the original of a patient’s medical record from its premises is understandable inasmuch as the hospital must take all necessary measures to protect the original of a patient’s medical record from all harm.
The application by petitioner for preaction discovery of respondent hospital’s medical records involving petitioner’s hospitalization is granted upon condition that movant pay the respondent’s stated cost of same, or petitioner may, at his option, rent a portable copier to copy the record at the hospital. If the latter option is utilized, the hospital is directed to provide adequate facilities, supervisory personnel and petitioner is to pay a $15 search and retrieval fee *736 and a reasonable sum for the time spent by the hospital employee who oversees the copying. (See Matter of Yanez v North Shore Univ. Hosp., Supreme Ct, Nassau County, Index No. 9302/80.)
The facts set forth in the affirmation submitted on behalf of the petitioner allege a cause of action for medical malpractice, and under CPLR 3102 (subd [c]) the disclosure of the respondent’s medical record is proper, provided the petitioner, upon submission of the order to be entered herein, submits his own affidavit indicating that he has had the affirmation of his attorney dated August 12, 1982 read to him and that he adopts same as his own in all respects. The court notes that one of the injuries claimed here is blindness and that the time within which to bring this action is drawing to a close. Under the circumstances the court, in the interest of justice, suggests this means to overcome the objection to the fact the underlying supporting document to the petition is solely that of counsel for the petitioner.