■ GLORIA LYNCH, Respondent, v JOHN J. LYNCH, Appellant. — In a matrimonial action in which the plaintiff wife moved to recover arrears in alimony due under a decree of divorce and the defendant husband cross-moved to reform the alimony provision of the decree, defendant appeals from so much of an order of the Supreme Court, Nassau County (Widlitz, J.), dated December 1, 1982, as fixed the arrears and awarded plaintiff a counsel fee. Order affirmed, insofar as appealed from, with costs. The parties' divorce decree required the defendant to pay the plaintiff the "sum of $200 per week as alimony, for a period of one year". After the plaintiff sought to enforce the judgment, the parties entered into a stipulation in which it was agreed that the defendant had paid $8,800 and owed a balance of $1,600. Because defendant failed to pay all of the balance, plaintiff sought a money judgment for the arrears and the defendant responded by cross-moving to modify the divorce decree to provide that only $10,000 in alimony was intended by the parties and not the $200 per week or $10,400 as provided by the decree. Plaintiff's request for counsel fees was not objected to by the defendant. Special Term fixed the arrears at $440 and awarded plaintiff a counsel fee of $750. Defendant, an attorney appearing *pro se,* was not entitled to a hearing on his cross motion to modify the divorce decree since he himself dictated before the court a stipulation of settlement, nearly a year after the divorce decree, which confirmed the alimony terms of the decree and provided the basis for the within determination. He has simply not demonstrated a bona fide and substantial claim of mutual mistake sufficient to create an issue of fact requiring a hearing (see *Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211). As to the award of counsel fees, defendant would ordinarily be entitled to an evidentiary hearing during which he could challenge the value and extent of counsel's claimed services (see *Jerman v Jerman,* 80 AD2d 825) and the financial circumstances of the parties could be examined (see *Furst v Furst,* 88 AD2d 946). However, since defendant failed to request a hearing (see *Jerman v Jerman, supra*) or raise before Special Term any clear objection to a counsel fee award (see *Mazin v Mazin,* 93 AD2d 881; *Entwistle v Entwistle,* 92 AD2d 879), he has waived his right to a hearing (see *O'Toole v O'Toole,* 88 AD2d 1011). Accordingly, Special Term did not abuse its discretion by awarding counsel fees without first conducting a hearing on the application. Lazer, J. P., Bracken, Brown and Niehoff, JJ., concur.