■ In the Matter of GLADYS HERNANDEZ, Individually and on Behalf of MARCIAL CARMONA, an Infant, Appellant, v LUTHERAN MEDICAL CENTER, Respondent. — In a proceeding to obtain disclosure of medical records pursuant to section 17 of the Public Health Law, petitioner appeals from an order of the Supreme Court, Kings County (Bellard, J.), entered December 20, 1983, which denied the application.

Order affirmed, with costs.

Petitioner, seeking to commence a medical malpractice action, requested the Lutheran Medical Center to furnish her with the relevant medical records. The hospital responded that such records would be made available upon payment of a $409 fee, computed at $1 per page plus a $15 search and retrieval fee. Claiming that the fee was excessive, petitioner commenced this proceeding.

Pursuant to section 17 of the Public Health Law, patients or their authorized representatives have a right to obtain copies of medical records upon payment of a "reasonable charge". While the statute does not specify what constitutes a "reasonable charge", we find that the per page charge sought by respondent is indeed reasonable inasmuch as its costs include employee time in addition to duplication expense (see *Matter of Scipione v Long Is. Jewish-Hillside Med. Center,* 118 Misc 2d 324, 325; *Matter of Kaplan v North Shore Univ. Hosp.,* 117 Misc 2d 734, 735).

Should petitioner desire, she may avail herself of the alternative procedure specified in the cited cases and rent a photocopying machine and photocopy the relevant documents at the hospital or other mutually agreed upon place. In that event, she will be required to pay the $15 search and retrieval fee plus a reasonable sum for the time spent by the hospital employee in supervising the copying. Given the obvious necessity of protecting the original patient records, neither petitioner nor her attorneys has a right to either unsupervised inspection or removal of the records from the hospital.

We perceive no need to remit this matter for a hearing. Not only was none requested at Special Term, petitioner's counsel expressly stated that they did "not want to waste the Court's time by requesting a hearing to determine the reasonableness of

the fee requested by Respondent". This operates as a waiver (see *Lynch v Lynch*, 97 AD2d 814). Moreover, since the Legislature has authorized the county clerks to impose an identical charge for a service equivalent to that to be undertaken by the hospital here (CPLR 8021, subd [a], par 7) and since two nisi prius cases have already found similar fees for hospital records of a similar size to be reasonable (*Matter of Scipione v Long Is. Jewish-Hillside Med. Center, supra; Matter of Kaplan v North Shore Univ. Hosp., supra*), it would be inappropriate to direct a hearing in the interests of justice (cf. *Lynch v Lynch, supra*). This is not to say, however, that a hearing would not be warranted in some other case. Titone, J. P., and O'Connor, J., concur.

Lazer, J., concurs in the result, with the following memorandum, in which Mangano, J., concurs. Although I concur, I cannot agree that a $1 per page charge is a reasonable charge for reproduction of a hospital record no matter how lengthy it may be. It seems to me that economies of scale should reduce the per page cost as the number of pages increases. While I would otherwise have been inclined to remit the matter for an evidentiary hearing to explore the relationship between the costs and charges, petitioner's counsel has categorically rejected the idea of such a hearing. Since I cannot say that the charge is unreasonable as a matter of law, I vote to affirm.