OPINION OF THE COURT
D. Bruce Crew, III, J.
This is a CPLR article 78 proceeding by which a physician, a former employee of respondent Associates in Internal Medicine, P. C. (hereafter AIM), seeks an order directing AIM to make available to petitioner, at cost, originals or copies of patient records for those patients for which the petitioner was the primary treating physician.
To be entitled to such an order petitioner must show that AIM has a duty plainly and specifically imposed by law to provide him with the original or copies of patient records (State Div. of Human Rights v New York State Dept, of Correctional Servs., 90 AD2d 51, 66, n 7). Petitioner asserts a great need for immediate access to the records without the delay incident to obtaining authorizations from his patients pursuant to Public Health Law § 17. His need however has no bearing on the central issue here, whether he has a right to the records. Petitioner asserts such a right based on the common-law rule that “records taken by a doctor in the examination and treatment of a patient become property belonging to the doctor” (Matter of Culbertson, 57 Misc 2d 391, 392-393; see also, Damsker v Haque, 93 AD2d 729, 730; Matter of Finkle, 90 Misc 2d 550, 552, affd 59 AD2d 862). Both Culbertson and Finkle involve the relative rights of the physician and the patient and as such have little bearing on the present' dispute.
*997 Damsker v Haque (supra) is much closer to the instant situation, but is clearly distinguishable. The facility which had possession of the records in that case was, as determined by the referee, a de facto shared health facility (see, Public Health Law, art 47) in which the plaintiff physician maintained his office. In contrast the petitioner here was an employee of a professional service corporation (see, Business Corporation Law, art 15). A shared health facility as an entity cannot render professional services or establish a physician-patient relationship. A shared health facility is required by law to “assign an individual and clearly identified practitioner to all patients” (Public Health Law § 4710 [1] [e]). In contrast, a professional service corporation may render professional services through its professional staff (see, Business Corporation Law § 1504 [a]). There is no statutory or regulatory requirement that an individual and clearly identified practitioner be assigned to any patient. All that is required of a corporation practicing medicine is that “[e]ach report, diagnosis, prognosis, and prescription * * * shall bear the signature of one or more physicians * * * who are in responsible charge of such report, diagnosis, prognosis, or prescription” (Business Corporation Law § 1504 [c]). It thus may be said that a professional service corporation practices medicine and has patients. Consequently, it is the corporation which has the property right in the patient records, rather than the employee physician who, as an agent of the corporation, treats the patient and makes the records. The court perceives no reason to accord a property interest in the records to the individual employee physician who made them. Nor is the court aware of any general principle of corporation law which would support such a right. While the contract of employment might provide a contractual basis for such a claim, none appears from the petitioner’s contract with AIM.
Accordingly, petitioner’s request for the order must be denied and his petition dismissed.