■ In the Matter of C. LORRAINE VENTURA, as Administratrix of the Estate of WILLIAM VENTURA, Deceased, Appellant, v LONG ISLAND JEWISH HILLSIDE MEDICAL CENTER, Respondent. —In a proceeding to obtain disclosure of medical records pursuant to Public Health Law § 17, petitioner appeals from an order of the Supreme Court, Queens County (Durante, J.), dated July 19, 1984, which directed her to pay the respondent

hospital the fees demanded by it in order to obtain a copy of the decedent's hospital records.

Order modified, on the facts, by adding thereto a provision giving petitioner the option of paying the respondent hospital its $15 "handling fee" and copying the records at the hospital on a photocopying machine to be supplied by her. As so modified, order affirmed, without costs or disbursements. Petitioner shall either pay the $619.50 fee set by the respondent or notify the respondent that she will do her own photocopying within 20 days after service upon her of a copy of the order to be made hereon, with notice of entry. In the event petitioner decides to do her own photocopying, she shall complete said copying within 30 days after notifying the hospital of her selection of that option.

Petitioner C. Lorraine Ventura retained a law firm to investigate the medical care and treatment rendered to the decedent, William Ventura. Petitioner's counsel thereupon wrote to the respondent hospital on March 28, 1984, requesting a copy of the decedent's complete medical records. The hospital replied that the fee for photocopying the entire medical record would be $1.50 per page, plus a $15 "handling fee". Thus, the total cost for the entire 403-page record would come to $619.50.

Claiming that this fee was excessive, petitioner's counsel moved for an order requiring the hospital, *inter alia,* to (1) deliver the hospital record to an outside commercial facility for copying; (2) permit petitioner to have the record copied at the hospital utilizing her own equipment; or (3) provide a copy of the record to the petitioner at a cost less than its regular charge of $1.50 per page plus $15 for handling.

Special Term directed the hospital to furnish a copy of the record to the petitioner within 30 days after the service upon it of a copy of its order, but required the petitioner to pay the entire $619.50 fee within 10 days after receipt of the record. Petitioner never served a copy of the order upon the hospital, but, instead, filed a notice of appeal. The hospital nonetheless delivered a copy of the record to the petitioner for which it has yet to receive payment.

Petitioner has the right to rent a photocopying machine and photocopy the relevant documents at the hospital or other mutually agreed-upon locale, provided that she pays the required $15 search and retrieval fee (*Matter of Hernandez v Lutheran Med. Center,* 104 AD2d 368). The order appealed from erroneously failed to grant her this right and, therefore,

we modify it accordingly. However, her alternative suggestion that the documents be sent to a commercial photocopier is unfeasible "[g]iven the obvious necessity of protecting the original patient records" (*Matter of Hernandez v Lutheran Med. Center, supra*).

This matter has been complicated by the hospital having prematurely delivered the record to the petitioner without the petitioner having served a copy of the order upon it. However, the hospital's unauthorized action should not preclude the petitioner from paying the $15 handling fee, renting a photocopier and photocopying the material at the hospital, as initially requested. Should she decide not to do so, she will then have to pay the $15 handling fee plus the full $1.50 per page copying fee for the documents already sent to her.

We note that appeals of this nature are not be be encouraged in view of the small sum at issue. Mangano, J. P., Thompson, O'Connor and Weinstein, JJ., concur.