OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the negative.
 

 Defendant was employed by plaintiff, a State-chartered medical college, as a teacher, researcher, and supervisor of its patient care program in its division of plastic surgery. After defendant disassociated himself from the college and began his own private plastic surgery practice, plaintiff commenced this action, seeking to recover, among other things, office equipment, patient records, and fees and revenues from patient care allegedly diverted by the defendant.
 

 Special Term granted summary judgment, dismissing the complaint. The Appellate Division, Third Department, reversed, but granted leave to appeal on a certified question.
 

 The claim that plaintiff may not share in fees generated by physicians who are faculty members is "farfetched at best”
 
 (Adamsons v Wharton,
 
 771 F2d 41, 43). Because plaintiff has a corporate charter empowering it to promote medical science and instruction, its treatment of patients does not constitute an illegal corporate practice of medicine
 
 (see,
 
 Public Health Law § 2801-a;
 
 People v Woodbury Dermatological Inst.,
 
 192 NY 454, 457) or illegal fee splitting in violation of Education Law § 6509-a and 8 NYCRR 29.1 (b) (4). Courts have consistently rebuffed challenges to faculty medical practice plans similar to the one adopted by plaintiff
 
 (e.g., Adamsons v Wharton, supra; Gross v University of Tenn.,
 
 620 F2d 109, 110;
 
 Kountz v State Univ.,
 
 87 AD2d 605,
 
 affg
 
 109 Misc 2d 319,
 
 appeal dismissed and lv denied
 
 58 NY2d 747), and we perceive no reason to decline to follow these authorities.
 

 
 *984
 
 Finally, the financial and patient records generated are clearly the property of plaintiff, subject to defendant’s right to obtain copies
 
 (see,
 
 Public Health Law § 17;
 
 Matter of Hernandez v Lutheran Med. Center,
 
 104 AD2d 368;
 
 Damsker v Haque,
 
 93 AD2d 729).
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in memorandum.
 

 Order affirmed, etc.