■ JOSEPHINE PATERNA et al., Respondents, v MANSOUR S.

ZANDIEH et al., Defendants, and LONG ISLAND COLLEGE HOSPITAL, Appellant.—In a medical malpractice action to recover damages for personal injuries, etc., the defendant Long Island College Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Pizzuto, J.), dated June 30, 1986, as granted that branch of the plaintiffs' motion which was for an order directing it to deliver to the plaintiffs' counsel all of its original X rays of the plaintiff Josephine Paterna for the purpose of review of the X rays by the plaintiffs' expert.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the plaintiffs' motion which was for an order directing the appellant to deliver to the plaintiffs' counsel all of the original X rays of Josephine Paterna is denied.

The X rays are the property of the defendant the Long Island College Hospital. The plaintiffs have a right to reasonable access to the X rays but they do not have a right to an unsupervised inspection of the original X rays at their attorneys' office. Accordingly, they can either make copies of the X rays or examine the originals at the offices of the defendant hospital's attorneys (see, Public Health Law §§ 17, 18; *Albany Med. Coll. v McShane,* 66 NY2d 982, *rearg denied* 67 NY2d 757; *Cynthia B. v New Rochelle Hosp. Med. Center,* 60 NY2d 452, 460, n 3; *Matter of Ventura v Long Is. Jewish Hillside Med. Center,* 112 AD2d 437; *Matter of Hernandez v Lutheran Med. Center,* 104 AD2d 368). Thompson, J. P., Lawrence, Rubin, Kunzeman and Sullivan, JJ., concur.