■ DENNIS WALDRON, Individually and as Administrator of the Estate of EUGENIA WALDRON, Deceased, Appellant, v BALL CORPORATION et al., Respondents. [619 NYS2d 841] —Cardona, P. J. Appeal from an order of the Supreme Court (Plumadore, J.), entered November 30, 1993 in Saratoga County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff's wife (hereinafter decedent) was diagnosed with granulocytic leukemia and died in January 1992. Decedent's physician was also the physician for William Hallahan. Hallahan and plaintiff worked in the same job at defendant Ball

Corporation (hereinafter Ball), a business principally engaged in the manufacture of metal and glass beverage containers in Saratoga County. Hallahan's physician diagnosed him as suffering from the same rare form of leukemia as decedent and opined that various cleaning toxins at Ball's factory played a significant role in the induction of the leukemia in Hallahan as well as a possibly passively transferred role (through plaintiff's exposure) in decedent. Based on his physician's statement, Hallahan filed a workers' compensation claim against Ball. Ball wanted its experts to examine decedent's medical records to determine if she had the same form of leukemia as Hallahan. In October 1992 or early November 1992, defendant Lynne Tryon, Ball's human resources manager, requested plaintiff to sign authorizations releasing the medical records of decedent's medical treatment and plaintiff declined, citing the personal nature of the records and his desire to put everything behind him. Subsequently, Ball and its insurance adjustment company, defendant Crawford and Company, sent a medical expense claim reimbursement form, signed by plaintiff during decedent's treatment period, to two hospitals and represented that the form was a general authorization for the release of decedent's medical records. The records were released and used by Ball to defend the Hallahan claim.

Plaintiff commenced this action alleging, *inter alia*, intentional infliction of emotional distress, invasion of privacy, fraud and conversion. Defendants and plaintiff moved and cross-moved, respectively, for summary judgment. Supreme Court granted defendants' motion. Plaintiff appeals.

Initially, we find that Supreme Court properly dismissed plaintiff's conversion cause of action for failing to demonstrate a possessory interest in decedent's medical records. Because there is no "intangible property right[ ] * * * merged in, or identified with [the medical records]" *(Ippolito v Lennon,* 150 AD2d 300, 303), a conversion action is not cognizable. In any event, although patients have rights to access their records concerning medical treatment *(see, Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 460, n 3), it is well settled that these records " 'become property belonging to the doctor' " *(Parsley v Associates in Internal Medicine,* 126 Misc 2d 996, quoting *Matter of Culbertson,* 57 Misc 2d 391, 392-393; *see, Matter of Finkle,* 90 Misc 2d 550, 552, *affd* 59 AD2d 862).

In support of his fraud cause of action, plaintiff argues that his failure to notify the medical providers not to release decedent's medical records was prompted by his reliance upon Tryon's statements that he should not worry or feel pressured

about consenting to the release of the records. The record, however, contains undisputed proof that Tryon also told plaintiff that Ball would still continue to seek decedent's medical records. Under these circumstances, Tryon's statements fall short of the requisite misrepresentation of material fact needed to establish a fraud action *(see, Mills v Dulin,* 192 AD2d 1001, 1003). Additionally, any representations concerning the scope of the authority conferred by the medical expense claim reimbursement form or the reason why decedent's records were being sought were made by defendants to the hospitals, not to plaintiff. Plaintiff is not, therefore, a proper party to allege fraud *(see, Orlin v Torf,* 126 AD2d 252, 254, *lv denied* 70 NY2d 605). Accordingly, we find that Supreme Court properly dismissed plaintiff's fraud cause of action.

To sustain a cause of action for intentional infliction of emotional distress, plaintiff is required to demonstrate that defendants "committed an outrageous act and that the desire to cause plaintiff[ ] emotional distress was more than incidental to [defendants'] proper business motives" *(O'Rourke v Pawling Sav. Bank,* 80 AD2d 847; *see, Curtin v Bowery Sav. Bank,* 150 AD2d 327; *Impastato v Hellman Enters.,* 147 AD2d 788, 789; *O'Dell v New York Prop. Ins. Underwriting Assn.,* 145 AD2d 791, 792). It is undisputed that Ball extended compassionate support to plaintiff during and subsequent to decedent's illness. The record further establishes that Ball obtained and disseminated decedent's records to aid it in the defense of the Hallahan claim. There is no question that we do not condone the method by which defendants obtained decedent's records; however, we do not agree with plaintiff that their conduct, viewed against this backdrop, may reasonably be regarded *(see,* Restatement [Second] of Torts § 46, comment *h)* as " 'so outrageous * * * and so extreme * * * as to go beyond all possible bounds of decency, and [therefore] be regarded as atrocious, and utterly intolerable in a civilized community' " *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303, quoting Restatement [Second] of Torts § 46, comment *d; see, Howell v New York Post Co.,* 81 NY2d 115, 122; *Navarro v Federal Paper Bd. Co.,* 185 AD2d 590, 593-594). We conclude that Supreme Court, based on the record herein, correctly dismissed plaintiff's cause of action for intentional infliction of emotional distress.

Plaintiff's remaining contention is that Supreme Court erred in dismissing his right of privacy cause of action. We disagree. First, there is no common-law right of action for

invasion of privacy in New York. The right is statutory, having been codified by Civil Rights Law §§ 50 and 51 *(see, Howell v New York Post Co., supra,* at 123) and proscribes the use of a person's name, portrait or picture for advertising or trade purposes *(see,* Civil Rights Law § 50; *Howell v New York Post Co., supra; Andrews v Bruk,* 160 Misc 2d 618, 620). Clearly, that is not the situation here. Second, plaintiff's reliance upon CPLR 4504 is misplaced. CPLR 4504, while generally evidencing New York's public policy to protect the confidentiality of information acquired during treatment of a patient *(see, MacDonald v Clinger,* 84 AD2d 482, 484), only applies to designated health care professionals. It does not create a private right of action.

White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.