■ SHARON GERSON et al., Respondents, v NEW YORK WOMEN'S MEDICAL, P. C., et al., Appellants. [671 NYS2d 104] —In an action to recover damages for medical malpractice, etc., the defendants appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated September 11, 1997, as denied their cross motion to compel the plaintiffs to return certain original mammogram films to the defendant Sherman Rubin, or to his attorneys.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and the cross motion is granted.

Although patients have the right to access their records concerning medical treatment (*see,* Public Health Law § 17; *Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 460, n 3; *see also, Wheeler v Commissioner of Social Servs. of City of N. Y.*, 233 AD2d 4), it is well settled that records taken by a doctor in the examination and treatment of a patient are property belonging to the doctor (*Waldron v Ball Corp.*, 210 AD2d 611, 612; *Parsley v Associates in Internal Medicine*, 126 Misc 2d 996; *Matter of Finkle*, 90 Misc 2d 550, 552, *affd* 59 AD2d 862; *Matter of Culbertson*, 57 Misc 2d 391, 392-393). The defendant Dr. Sherman Rubin averred that he lent mammogram films to the plaintiff Sharon Gerson solely for the purpose of a consult. Shortly thereafter the plaintiffs commenced this medical malpractice action. Because Dr. Rubin never relinquished ownership of the mammogram films, he is the rightful owner and the plaintiffs should return the original mammogram films to him.

The plaintiffs have failed to show that the integrity of the original mammogram films will not be adequately preserved (*see, Schioppa v Pallotta*, 242 AD2d 698; *Lucarello v North Shore Univ. Hosp.*, 184 AD2d 623; *Jackson v Nelson*, 81 AD2d 677). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.