■ KIMBERLY REGENSDORFER, Respondent, v ORANGE REGIONAL MEDICAL CENTER et al., Appellants. [799 NYS2d 571]—

In an action to recover damages for medical malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated October 4, 2004, as denied those branches of their motion which were to strike the plaintiff's response to the items of their demands for bills of particulars which sought a statement of each and every act or omission which was claimed as the basis of the alleged malpractice, to preclude the plaintiff from

offering proof thereon at the trial, or to direct the plaintiff to provide amended responses thereto, and, in effect, denied their separate motion to compel the plaintiff to return her original mammogram films and pathology slides.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof which, in effect, denied that branch of the defendants' motion which was to compel the plaintiff to return the original pathology slides, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to return the pathology slides is extended until 20 days after service upon her of a copy of this decision and order.

The plaintiff's response in her bill of particulars to the defendants' demand in issue was sufficient (*see Garrett v Community Gen. Hosp. of Greater Syracuse,* 288 AD2d 928 [2001]; *Dellaglio v Paul,* 250 AD2d 806 [1998]; *Heyward v Ellenville Community Hosp.,* 215 AD2d 967, 968 [1995]; *Cirelli v Victory Mem. Hosp.,* 45 AD2d 856 [1974]).

The defendants are not entitled to the return of the plaintiff's original mammogram films since the institutional defendants, Orange Regional Medical Center and Horton Medical Center, permanently transferred the original mammogram films to her pursuant to 21 CFR 900.12 (c) (4) (ii).

However, with respect to the pathology slides, the defendants submitted an affidavit from Dr. Schuyler Newman, Director of Pathology, stating that the pathology slides were loaned to the plaintiff, and the institutional defendants never intended to relinquish ownership of those slides. The plaintiff did not submit her own affidavit disputing those allegations. Since the institutional defendants never relinquished ownership of the pathology slides, the slides should be returned (*see Gerson v New York Women's Med.,* 249 AD2d 265 [1998]).

Finally, the denial of the plaintiff's cross motion for the imposition of a sanction is not before this Court since she did not file a notice of appeal from the order. H. Miller, J.P., Schmidt, Adams and Goldstein, JJ., concur.