MEDICAL CAPITAL CORPORATION et al., Plaintiffs, and DEAJESS MEDICAL IMAGING, P.C., et al., Appellants-Respondents, v MRI GLOBAL IMAGING, INC., et al., Respondents-Appellants. [860 NYS2d 131]—

In an action, inter alia, to recover damages for breach of

contract, the plaintiffs Deajess Medical Imaging, P.C., Boston Post Road Medical Imaging, P.C., Preferred Medical Imaging, P.C., Robert Scott Schepp, M.D., P.C., and Robert Scott Schepp appeal from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated June 25, 2007, as, upon granting their motion to direct the defendants to deliver to them the magnetic resonance imaging films of their patients, imposed conditions, including a requirement that they specifically identify the patients whose films were to be delivered and pay for the cost of furnishing those films at the rate of $5 for the first page of film and $3 per page of film thereafter for each patient whose film is requested, and the defendants cross-appeal from the same order.

Ordered that the cross appeal is dismissed as abandoned (see 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and the defendants shall deliver the original magnetic resonance imaging films of the appellants-respondents' patients to the appellants-respondents, at no charge to the appellants-respondents, within 30 days of service upon them of a copy of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the appellants-respondents.

The appellants-respondents—a doctor and certain of his professional corporations (hereinafter the appellants)—entered into agreements with the defendant MRI Global Imaging, Inc. (hereinafter Global), pursuant to which the latter managed the nonmedical aspects of the appellants' practices. The defendant Hillel Sher was the sole shareholder of Global, as well as of the defendant Forum Medical Management, P.C. (hereinafter Forum). In December 2004 the appellants, among others, commenced this action against Global, Forum, and Sher alleging, inter alia, breach of contract. The merits of the action are not at issue here.

In May 2007 the appellants moved to direct the defendants to deliver the magnetic resonance imaging (hereinafter MRI) films of the appellants' patients, which the defendants had in their possession. The defendants did not object to furnishing copies of the MRI films to the appellants, provided they were paid the sum of $200 per film, which allegedly represented their costs for storage, for the labor required to search the records, and for copying. The Supreme Court granted the motion, but imposed conditions on the delivery of the films, including a requirement that the appellants pay $5 for the first page of film, and $3 per page of film thereafter, for each patient whose films were

requested. Furthermore, the order required the appellants to specify the patients whose MRI films were requested. The basis for the Supreme Court's reimbursement figures appears to have been a workers' compensation fee schedule.

The original MRIs, in whatever form they are maintained by the defendants, are the property of the appellants (*see Gerson v New York Women's Med.*, 249 AD2d 265 [1998]; *Waldron v Ball Corp.*, 210 AD2d 611, 612 [1994]), and, under the circumstances presented, should be delivered back to the appellants without charge. The only paper submitted by the defendants to the Supreme Court in response to the appellants' motion was an affirmation of counsel. As a purported justification for imposing costs on the appellants for a return of their own records, the defendants' counsel argued that a party seeking discovery may be required to bear the cost of production (*see e.g. Rubin v Alamo Rent-A-Car*, 190 AD2d 661 [1993]).

However, the appellants' bid for the return of their patients' MRI films was not a discovery request; they sought an order directing the return of their property. The defendants' opposition papers identified no other basis for imposing costs, whether contractual or otherwise. Furthermore, they failed to submit an affidavit from a person with personal knowledge of the costs they purportedly would incur in turning over the MRIs to the appellants. The costs that their attorney claimed would be incurred were otherwise undocumented. Accordingly, the rules applicable to the discovery process do not furnish a basis to impose costs on the appellants for the return of their patients' records.

The Supreme Court also erred in requiring the appellants to specifically identify the patients whose MRIs were to be returned. The defendants have the information necessary to identify all of the appellants' patients, and the burden should not be placed upon the appellants to do so. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.