■ SOFIYA CHERVONSKAYA et al., Respondents, v BERNARD BENTLEY, Defendant, and DOSHI DIAGNOSTICS IMAGING SERVICES, P.C., Appellant. [867 NYS2d 107]—

In an action to recover damages for medical malpractice, etc., the defendant Doshi Diagnostics Imaging Services, P.C., appeals from an order of the Supreme Court, Kings County (Bayne, J.), entered September 21, 2007, which denied its motion to compel the plaintiffs to return to it all original mammogram films related to the plaintiff Sofiya Chervonskaya.

Ordered that the order is reversed, on the law, and the motion of the defendant Doshi Diagnostics Imaging Services, P.C., to compel the plaintiffs to return to it all original mammogram films related to the plaintiff Sofiya Chervonskaya is granted; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for the entry of an order which provides that the plaintiffs may retain the original mammogram films for a period of time to be agreed upon by the plaintiffs and the appellant, prior to depositions and trial, for expert review, and the plaintiffs shall return the original mammogram films to the defendant Doshi Diagnostics Imaging Services, P.C., at the conclusion of their expert review; and it is further,

Ordered that one bill of costs is awarded to the defendant Doshi Diagnostics Imaging Services, P.C.

The original mammogram films at issue in this case are the property of the defendant Doshi Diagnostics Imaging Services, P.C. (hereinafter the defendant), because "records taken by a doctor in the examination and treatment of a patient are property belonging to the doctor" (*Gerson v New York Women's Med.,* 249 AD2d 265 [1998]; *see Medical Capital Corp. v MRI Global Imaging, Inc.,* 52 AD3d 482 [2008]; *Regensdorfer v Orange Regional Med. Ctr.,* 21 AD3d 359 [2005]; *Paterna v Zandieh,* 130 AD2d 471 [1987]). The medical release forms signed by the plaintiffs indicated that the defendant loaned the original mammogram films to the plaintiffs and they were required to return the films to the defendant as soon as possible.

As the defendant never relinquished ownership of the original mammogram films, and the plaintiffs' apprehension that the films would be lost or damaged if returned to the defendant was not reasonable, the films should have been returned to the defendant (*see Regensdorfer v Orange Regional Med. Ctr.,* 21 AD3d 359 [2005]; *Gerson v New York Women's Med.,* 249 AD2d at 265; *cf. Narvaez v Bier,* 303 AD2d 298 [2003]). Prudenti, P.J., Santucci, McCarthy and Chambers, JJ., concur.