■ BEVERLY MIDDLETON, as Administratrix of the Estate of VIRGINIA BOYD, Deceased, Respondent, v HOWARD RUSSELL et al., Appellants. [989 NYS2d 906]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Phelan, J.), dated January 2, 2014, which denied their motion to vacate the note of issue and to compel certain disclosure, on the ground that the defendants did not request a conference before making the motion in accordance with the court's part rules.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the defendants' motion on the merits.

"The Supreme Court has broad discretion in supervising disclosure and in resolving discovery disputes" (*Clarke v Clarke*, 113 AD3d 646, 646 [2014]; *see Friel v Papa*, 87 AD3d 1108, 1110 [2011]). "However, the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court" (*Flynn v City of New York*, 101 AD3d 803, 804 [2012] [internal quotation marks omitted]).

Here, the Supreme Court improvidently exercised its discretion by denying the defendants' motion to compel certain disclosure, on the ground that the defendants neglected to comply with its part rules requiring advance notice of the motion so that the court could determine whether the matter should be conferenced. While such rules are permissible for the purpose of assisting the court in its supervision of disclosure, the application of the subject rule to the instant matter so as to deny the defendants' motion was improper in view of the strong indication that the defendants are entitled to additional disclosure (*see Dillenbeck v Hess*, 73 NY2d 278, 287 [1989]; *Bravo v Vargas*, 113 AD3d 577 [2014]; *Amoroso v City of New York*, 66 AD3d 618 [2009]) and the demonstrated inability of the parties to reach an agreement regarding the requested disclosure. Accordingly, the Supreme Court should have decided the defendants' motion on the merits, and we remit the matter for that purpose. Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.