Matter of Cheryl LaBella Hoppenstein 2005 Trust (2020 NY Slip Op 04846)





Matter of Cheryl LaBella Hoppenstein 2005 Trust


2020 NY Slip Op 04846


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-08182 
2017-13214
2017-13216

[*1]In the Matter of The Cheryl LaBella Hoppenstein 2005 Trust. Abraham Solomon Hoppenstein, etc., petitioner; Cheryl Lynne Hoppenstein, et al., appellants; RH39 Realty, L.P., et al., nonparty-respondents. (File No. 1468/11)


Andrew M. LaBella, White Plains, NY, for appellants.
Law Offices of Jason J. Smith, LLC, New York, NY, for nonparty-respondent RH39 Realty, L.P.



DECISION & ORDER
In a proceeding to judicially settle a trustee's final account of a trust, the objectants Cheryl Lynne Hoppenstein, Yitzchak Hoppenstein, Yonatan Hoppenstein, Aryeh Hoppenstein, Yara Hoppenstein, and Adina Hoppenstein appeal from (1) an order of the Surrogate's Court, Westchester County (Robert A. Onofry, S.), dated June 23, 2017, (2) an order of the same court, also dated June 23, 2017, and (3) an order of the same court, dated December 4, 2017. The first order dated June 23, 2017, insofar as appealed from, granted that branch of the motion of nonparty RH39 Realty, L.P., which was pursuant to CPLR 2304 to quash a notice of deposition and subpoena duces tecum dated October 16, 2016, served upon it by the appellants. The second order dated June 23, 2017, insofar as appealed from, upon granting the motion of nonparties Ohavta, LLC, and Taka Amachya, N.V., pursuant to CPLR 3103 for a protective order redacting certain information sought in a notice of deposition and subpoena duces tecum dated October 13, 2016, served upon nonparty Empire Valuation Consultants, LLP, by the appellants, sua sponte, issued a protective order with respect to the entire notice of deposition and subpoena duces tecum. The order dated December 4, 2017, denied the appellants' motion pursuant to CPLR 3120, 3122, and 3124 to compel certain disclosure from nonparty Taka Amachya, N.V.
ORDERED that on the Court's own motion, the notice of appeal from so much of the second order dated June 23, 2017, as, sua sponte, issued a protective order with respect to the entire notice of deposition and subpoena duces tecum served upon nonparty Empire Valuation Consultants, LLP, is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the first order dated June 23, 2017, is reversed insofar as appealed from, on the facts and in the exercise of discretion, and that branch of the motion of nonparty RH39 Realty, L.P., which was pursuant to CPLR 2304 to quash the notice of deposition and subpoena duces tecum dated October 16, 2016, served upon it by the appellants is denied; and it is further,
ORDERED that the second order dated June 23, 2017, is reversed insofar as appealed from, on the facts and in the exercise of discretion; and it is further,
ORDERED that the order dated December 4, 2017, is reversed, on the facts and in the exercise of discretion, and the matter is remitted to the Surrogate's Court, Westchester County, for a determination of the appellants' motion pursuant to CPLR 3120, 3122, and 3124 to compel certain disclosure from nonparty Taka Amachya, N.V., on the merits; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
In this proceeding to settle a trustee's final account of the Cheryl LaBella Hoppenstein 2005 Trust (hereinafter the Trust), the beneficiaries of the Trust (hereinafter the appellants) filed objections challenging the accounting. The instant appeals are from three discovery orders, each adverse to the appellants, who seek disclosure that they contend is relevant and necessary to evaluate and challenge the accounting.
The appellants' objections to the accounting included (1) a challenge to the valuation of the Trust's interest in a closely held entity named Ohavta, LLC (hereinafter Ohavta), the primary asset of which was a minority interest in another closely held entity, RH39 Realty, L.P. (hereinafter RH39), and (2) a challenge to the propriety of a loan given by the Trust to another trust created by the same grantor, in exchange for a promissory note which was later exchanged for a partial interest in a closely held entity named Taka Amachya, N.V. (hereinafter Taka), which interest subsequently was retired as worthless.
The appellants served a notice of deposition and subpoena duces tecum upon nonparty RH39, which RH39 moved pursuant to CPLR 2304 to quash and/or to limit by a protective order. In an order dated June 23, 2017, the Surrogate's Court granted that branch of the motion which was to quash the notice of deposition and subpoena on the ground that the materials sought therein were utterly irrelevant to any proper inquiry.
The appellants also served a notice of deposition and subpoena duces tecum upon nonparty Empire Valuation Consultants, LLP (hereinafter Empire), the appraiser that completed an appraisal of Ohavta for the trustee (hereinafter the Empire subpoena). The Empire subpoena sought copies of Empire's appraisals of the value of the Trust's interests in Ohavta and Taka, and any documents viewed, referred to, or used by Empire in the preparation of the appraisals. Ohavta and Taka moved for a protective order directing the redaction of "irrelevant information" from the documents to be produced by Empire. However, in a second order dated June 23, 2017, upon granting the motion, the Surrogate's Court, sua sponte, issued a protective order with respect to the entire Empire subpoena on the ground that many of the requests were palpably improper and the court would not "prune out the improper demands from the proper demands."
The appellants further moved to compel Taka to produce documents sought in a subpoena duces tecum served upon it, and to cooperate with the appellants' efforts to obtain copies of pleadings and orders in prior litigation in St. Maarten to which Taka was a party. The Surrogate's Court denied the motion in an order dated December 4, 2017. The appeal is from all three of the foregoing orders.
In a proceeding pursuant to article 22 of the Surrogate's Court Procedure Act to settle an account of a trust, a party filing objections is "entitled to all rights granted under article thirty-one of the civil practice law and rules with respect to . . . discovery" (SCPA 2211[2]). CPLR 3101(a), which provides for "full disclosure of all matter material and necessary in the prosecution or defense of an action," is to be liberally construed "to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406; see Matter of Kapon v Koch, 23 NY3d 32, 38).
A "party or nonparty moving to vacate the subpoena has the initial burden of [*2]establishing either that the requested [information] is utterly irrelevant' to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious'" (Bianchi v Galster Mgt. Corp., 131 AD3d 558, 559, quoting Matter of Kapon v Koch, 23 NY3d at 38 [internal quotation marks omitted]; see Ferolito v Arizona Beverages USA, LLC, 119 AD3d 642, 643).
Here, the Surrogate's Court improvidently exercised its discretion in the first order dated June 23, 2017, in finding that RH39 met its burden of demonstrating that the documents sought to be obtained by the appellants were irrelevant to the matters at issue in this proceeding. The subpoena duces tecum, seeking documents pertaining to RH39's assets and liabilities over a 5½-year period, was relevant to the review and assessment of the petitioner's valuation of the Trust's interest in Ohavta, and to determining whether the Trust received fair and appropriate consideration when the grantor reacquired the Trust's interest in Ohavta, central issues raised in the objections. The source of the valuation assigned to Ohavta in the trustee's account was an appraisal report prepared by Empire, which reflected that "one of OHAVTA's principal assets" was its interest in RH39, and therefore "both OHAVTA and RH39 needed to be valued in order to determine the fair market value of the Interest." The report further stated that the appraisers used an adjusted book value methodology for valuing Ohavta and RH39, since both entities "are essentially investment holding companies," and in the appraisers' view a potential investor would be most interested in "the value of their entities' underlying assets." The requested RH39 documents therefore were relevant to the appellants' challenges to the accounting (see Ferolito v Arizona Beverages USA, LLC, 119 AD3d at 643).
The Surrogate's Court further improvidently exercised its discretion in the second order dated June 23, 2017, in, sua sponte, issuing a protective order with respect to the entirety of the Empire subpoena. "Pursuant to CPLR 3103(a), the . . . Court may issue a protective order precluding disclosure that is palpably improper in that it seeks irrelevant and/or confidential information, or is overly broad and burdensome" (Arch Ins. Co. v Delric Constr. Co., Inc., 174 AD3d 560, 561; see Ural v Encompass Ins. Co. of Am., 158 AD3d 845, 847). When "discovery demands are palpably improper in that they are overbroad, lack specificity, or seek irrelevant or confidential information, the appropriate remedy is to vacate the entire demand rather than to prune it" (Bell v Cobble Hill Health Ctr., Inc., 22 AD3d 620, 621). Here, however, the record did not support the conclusion that the appellants' requests, seeking the documents relied upon by Empire in its valuations of Ohavta and Taka, were "palpably improper," and the Surrogate's Court should not have issued the protective order.
The Surrogate's Court also improvidently exercised its discretion in denying, on procedural grounds, the appellants' motion to compel certain disclosure from Taka. The appellants' alleged failure to comply with 22 NYCRR 202.7 did not provide a basis for denial of the motion, since the affirmation of the appellants' attorney included a statement that good faith efforts were made to resolve the issues raised in the motion with opposing counsel through multiple emails, and those emails were appended to the motion as an exhibit. Counsel's submissions were adequate to explain the good faith efforts made to resolve the issues raised by the motion (see 22 NYCRR 202.7; Maliah-Dupass v Dupass, 166 AD3d 873, 874). Similarly, under the circumstances of this case, it was an improvident exercise of discretion to deny the motion upon the appellants' purported failure to comply with the court's Part Rules requiring a pre-motion conference, especially given the prior court conferences and the "demonstrated inability of the parties to reach an agreement regarding the requested disclosure" (Middleton v Russell, 120 AD3d 477, 478). Additionally, to the extent that the court denied a portion of the motion to compel on the ground that it would interfere with litigation in a foreign jurisdiction, the court's conclusion is not supported by the record. Accordingly, the appellants' motion to compel disclosure should have been decided on the merits, and we remit the matter to the Surrogate's Court, Westchester County, for that purpose.
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court