Oleynik v Rozenfeld (2024 NY Slip Op 04397)

Oleynik v Rozenfeld

2024 NY Slip Op 04397

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2020-07158
 (Index No. 505627/18)

[*1]Alexandra Oleynik, et al., appellants, 
v
Mariya Rozenfeld, etc., et al., respondents, et al., defendants.

Law Offices of Joseph M. Lichtenstein, P.C., Mineola, NY (Theodore McKinley Thornton of counsel), for appellants.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for respondents.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Lizette Colon, J.), dated August 4, 2020. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was to compel the defendant Beth Israel Medical Center to comply with a subpoena duces tecum or, in the alternative, for the issuance of a judicial subpoena duces tecum seeking the same material in the same manner as requested in the subpoena duces tecum, and granted that branch of the cross-motion of the defendants Mariya Rozenfeld, Dianne Grunes, and Beth Israel Medical Center which was for a protective order limiting the scope of the production sought in the subpoena duces tecum.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In or about December 2015, the plaintiff Alexandra Oleynik (hereinafter the injured plaintiff) presented for her annual gynecological examination visit with the defendant Mariya Rozenfeld at the defendant Beth Israel Medical Center (hereinafter BIMC). According to the injured plaintiff's medical records, upon examination, Rozenfeld detected a "small non tender mobile . . . lesion" in the injured plaintiff's right breast and referred the injured plaintiff for a fine needle aspiration biopsy at BIMC on that same day. The biopsy was performed at BIMC by the defendant Dianne Grunes. Following the biopsy, the injured plaintiff allegedly was informed that the mass was benign. Subsequently, after undergoing a mammogram and another biopsy, the injured plaintiff was allegedly informed that she had three malignant masses in her right breast. The injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice.
On February 4, 2020, the plaintiffs' attorney requested that BIMC mail the original pathology slides that were taken during the fine needle biopsy procedure performed on the injured plaintiff's breast to the plaintiffs' expert in Massachusetts for inspection and review. In response, BIMC indicated that it was BIMC "policy not to release slides or recuts" and that it would make the original pathology slides available for review and inspection by the plaintiffs' expert "at a mutually [*2]convenient date and time at a hospital facility where the pathology is stored in the normal course of business." Thereafter, the plaintiffs served BIMC's attorney with a subpoena duces tecum dated February 6, 2020, to "appear and attend before AMY LY, M.D., at MASSACHUSETTS GENERAL HOSPITAL" on March 6, 2020, and "bring . . . and produce at the time . . . ALL ORIGINAL PATHOLOGY SLIDES/SAMPLES TAKEN FROM THE [INJURED] PLAINTIFF . . . DURING THE FINE NEEDLE ASPIRATION BIOPSY PROCEDURE." In response, BIMC's attorney objected to the subpoena and again indicated that BIMC would make the original pathology slides available for review and inspection by the plaintiffs' expert on a mutually convenient date and time at the facility where the slides were stored in the normal course of business.
The plaintiffs moved, inter alia, to compel BIMC to comply with the subpoena duces tecum or, in the alternative, for the issuance of a judicial subpoena duces tecum compelling BIMC to produce the original pathology slides to the plaintiffs' expert at Massachusetts General Hospital. In support of the motion, the plaintiffs submitted, among other things, an affidavit from their pathology expert. BIMC, Rozenfeld, and Grunes (hereinafter collectively the defendants) opposed the plaintiffs' motion and cross-moved, inter alia, for a protective order limiting disclosure of the original pathology slides to a reasonable onsite inspection of the slides at BIMC. In an order dated August 4, 2020, the Supreme Court, among other things, denied that branch of the plaintiffs' motion which was to compel BIMC to comply with the subpoena duces tecum or, in the alternative, for the issuance of a judicial subpoena duces tecum and granted that branch of the defendants' cross-motion which was for a protective order limiting disclosure of the original pathology slides to a reasonable onsite inspection of the slides at a BIMC facility. The plaintiffs appeal.
CPLR 3101(a) requires, in pertinent part, "full disclosure of all matter material and necessary in the prosecution or defense of an action." A party, however, "is not entitled to unlimited, uncontrolled, unfettered disclosure" (Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d 1061, 1062 [internal quotation marks omitted]; see Lombardi v Lombardi, 190 AD3d 964, 966). CPLR 3103(a) permits a court to "make a protective order denying, limiting, conditioning or regulating the use of any disclosure device" so as "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." In determining whether to issue a protective order, the court must balance the "'competing interests of the parties and the truth-finding goal of the discovery process'" (Nunez v Peikarian, 208 AD3d 670, 671, quoting Cascardo v Cascardo, 136 AD3d 729, 730 [internal quotation marks omitted]). "In general, 'the supervision of disclosure is left to the broad discretion of the trial court'" (Orange & Rockland Utils., Inc. v County of Rockland, 206 AD3d 668, 668, quoting Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d 1283, 1283).
At the outset, we may disregard any mistakes as to service of the subpoena duces tecum on BIMC where, as here, the defendants failed to show that they suffered any prejudice as a result of these mistakes (see CPLR 2001). In addition, while, contrary to the plaintiffs' contention, that branch of their motion which was to compel BIMC to comply with the subpoena duces tecum seeking pretrial discovery had to be accompanied by a good-faith affirmation from counsel (see e.g. Matter of Cheryl LaBella Hoppenstein 2005 Trust, 186 AD3d 1230, 1233-1234), the record here, including the affirmation of good faith submitted by the plaintiffs' attorney, demonstrated that the requirements of 22 NYCRR 202.7 were satisfied (see Morales v Valeo, 218 AD3d 676; Farmer v Gazebo Contr., Inc., 218 AD3d 644, 647; Matter of Cheryl LaBella Hoppenstein 2005 Trust, 186 AD3d at 1233). Further, contrary to the defendants' contention, although the affidavit of the plaintiffs' expert was notarized outside of New York State and was not accompanied by a certificate of conformity, this was not a fatal defect (see Willingham v LeJarde, 218 AD3d 518, 518; Williams v Light, 196 AD3d 668, 669-670; Seiden v Sonstein, 127 AD3d 1158, 1162). Nevertheless, in balancing the competing interests of the parties, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was to compel BIMC to comply with the subpoena duces tecum and provide the original pathology slides for inspection by the plaintiffs' expert in Massachusetts and granting that branch of the defendants' cross-motion which was for a protective order limiting disclosure of the original pathology slides to an onsite inspection of the slides at a BIMC facility (see Lucarello v North Shore Univ. Hosp., 184 AD2d 623; Cruz v [*3]Elhosseiny, 148 AD2d 412; Paterna v Zandieh, 130 AD2d 471).
In light of our determination, the plaintiffs' remaining contention need not be addressed.
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court