ISRAEL WEINSTOCK, Appellant, v ESTHER WEINSTOCK, Respondent. [678 NYS2d 349] —In an appeal by the plaintiff from an order of the Supreme Court, Queens County (Golar, J.), dated March 26, 1997, which was determined by decision and order of this Court dated May 11, 1998, the plaintiff, an attorney, and counsel for the respondent were directed to show cause why an order should not be made and entered imposing such sanctions and costs, if any, against the plaintiff, pursuant to 22 NYCRR 130-1.1 (c), as this Court might deem appropriate.

On the Court's own motion and on the papers filed in opposition or relation thereto, it is

Ordered that within 20 days after service upon him of a copy of this decision and order with notice of entry, the plaintiff Israel Weinstock is directed (1) to personally pay costs in the amount of $3,000 to counsel for the defendant Esther Weinstock, and (2) to personally pay a sanction in the amount of $10,000 to the Lawyers' Fund for Client Protection established pursuant to State Finance Law § 97-t; and it is further,

Ordered that the Clerk of the Supreme Court, Queens County, shall enter judgment accordingly (*see,* 22 NYCRR 130-1.2).

The plaintiff, who is an attorney representing himself, pursued an appeal which was "completely without merit" (22 NYCRR 130-1.1 [c] [1]). We find that the plaintiff's assertion that his intent was to clear his name in no way diminishes the fact that the appeal was meritless. We believe that merit must be judged with reference to whether a particular course of litigation is or is not designed to obtain some real form of relief as a remedy for some cognizable wrong. The appeal taken by the plaintiff was completely without merit under this standard, and, in the absence of any other concrete motivation, this appeal can only have been intended to harass the defendant

within the meaning of 22 NYCRR 130-1.1 (c) (2), by needlessly forcing her to incur attorney's fees.

We therefore award the maximum authorized amount as a sanction for this conduct (see, 22 NYCRR 130-1.1), calling to mind that frivolous litigation causes a substantial waste of judicial resources to the detriment of those litigants who come to the Court with real grievances. We also award costs in the sum of $3,000 in light of the proof as to the attorney's fees incurred by the defendant in opposing the appeal, payable to her counsel. Bracken, J. P., Copertino, Pizzuto and Altman, JJ., concur.