OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that defendants’ motion to set aside the jury verdict is granted and matter remanded for a new trial unless plaintiff, within 20 days from the date of the order entered hereon, stipulates in writing to accept the sum of $135,000 ($2,000 economic loss and $133,000 for pain and suffering); ás so modified, affirmed without costs.
In this action for unlawful eviction, the jury awarded plaintiff $2,000 for economic loss, $133,000 for pain and suffering, and $100,000 for punitive damages, for a total of $235,000. The court granted defendants’ motion to set aside the verdict and ordered a new trial unless plaintiff agreed to accept a reduced sum of $21,000 computed as follows: $2,000 for economic loss and $5,000 for pain and suffering, for a total of $7,000, which sum was to be trebled pursuant to RPAPL 853 to $21,000.
In this court’s view, the jury’s award of $2,000 for economic loss and $133,000 for pain and suffering did not deviate “materially from what would be reasonable compensation” (see, CPLR 5501). The plaintiff was wrongfully evicted from his apartment and made homeless for 44 days until restored to possession. During this period, he was not allowed to return to his apartment to remove his possessions, including his clothing. *292 He testified that defendants refused to give him his mail which included his monthly allowance from public assistance, leaving him with no money. He slept on the subway for 16 of those days. When he was evicted, there were eight inches of snow on the ground. He has a serious medical condition which was adversely affected by this ordeal.
The court properly charged that plaintiff had a duty to mitigate damages. Even in a tort action, such as this one for unlawful eviction (see, Kolomensky v Wiener, 135 AD2d 505), the injured party is bound to use reasonable and proper efforts to make the damage as small as practicable (Novko v State of New York, 285 AD2d 696). The court instructed the jury that it had to decide whether the refusal of the plaintiff to stay at the Patchen Residence, an alternative residence, which the defendants were insisting that he do, was reasonable. The jury apparently believed that his decision was reasonable and we should not disturb its conclusion.
In our view, the court properly dismissed the award for punitive damages. Punitive damages are a common-law remedy, generally requiring egregious conduct involving malice “where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives” (Walker v Sheldon, 10 NY2d 401, 404). In the case at bar, it appears that the defendants did not have such motives. They believed that the plaintiff needed more supervision in a secure environment for his own welfare as well as the welfare of others.
RPAPL 853, entitled “Action for forcible or unlawful entry or detainer; treble damages,” provides as follows:
“If a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he has been put out, is held and kept out by force or by putting him in fear of personal violence or by unlawful means, he is entitled to recover treble damages in an action therefor against the wrongdoer.”
The imposition of treble damages is within the court’s discretion (Lyke v Anderson, 147 AD2d 18, 27-28). In view of the disposition herein, we decline to impose treble damages.
Finally, it is noted that plaintiff is not entitled to prejudgment interest. In tort actions, such as involved herein (Kolomensky v Wiener, supra), prejudgment interest is added from the date of liability determination.
Aronin, J.P., Golia and Rios, JJ., concur.