■ ROBERT MCDONALD, Respondent, v EAST HAMPTON STAR et al., Appellants. [781 NYS2d 694]—

In an action to recover damages for defamation, the defendants appeal from an order of the Supreme Court, Suffolk County (Henry, J.), dated September 25, 2003, which denied their motion, in effect, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Civil Rights Law § 74 provides, in relevant part, that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding." The Court of Appeals has noted that "[f]or a report to be characterized as 'fair and true' within the mean-

ing of the statute, thus immunizing its publisher from a civil suit sounding in libel, it is enough that the substance of the article be substantially accurate" (*Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 67 [1979]). Moreover, "a fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated" (*Briarcliff Lodge Hotel v Citizen-Sentinel Publs.*, 260 NY 106, 118 [1932]).

Here, the newspaper article upon which this defamation action is based was a substantially accurate report of a judicial decision dismissing a federal lawsuit commenced by the plaintiff to recover damages for unlawful discharge. The subject article contained a condensed but accurate description of the nature of the federal lawsuit and the court's rationale for dismissing it, and did not suggest that the suit was frivolous. Although the article failed to report that the federal court's decision granted the plaintiff leave to file an amended complaint, and that he thereafter filed an amended complaint, those omissions did not alter the substantially accurate character of the article (*see Glendora v Gannett Suburban Newspapers*, 201 AD2d 620 [1994]; *Becher v Troy Publ. Co.*, 183 AD2d 230, 236-237 [1992]; *Sprecher v Dow Jones & Co.*, 88 AD2d 550, 552 [1982], *affd* 58 NY2d 862 [1983], *for reasons stated below*; *Gurda v Orange County Publs. Div. of Ottaway Newspapers*, 81 AD2d 120, 133 [1981], *revd on concurring in part and dissenting in part op below* 56 NY2d 705 [1982]). Accordingly, we find, as a matter of law, that the subject article was absolutely privileged pursuant to Civil Rights Law § 74 (*see Holy Spirit Assn. For Unification of World Christianity v New York Times Co.*, *supra*), and the defendants' motion, in effect, for summary judgment dismissing the complaint should have been granted. Smith, J.P., Krausman, Crane and Spolzino, JJ., concur.