**Catryna SEYMOUR, Plaintiff–Appellant,**

v.

**THE LAKEVILLE JOURNAL COMPANY LLC, Defendant–Appellee.**

**Docket No. 04–6626–CV.**

United States Court of Appeals, Second Circuit.

Oct. 13, 2005.

Peter G. Eikenberry (Whitney North Seymour, Jr., on the brief), New York, New York. for Appellants.

Kenneth P. Norwick, Norwick & Chad, New York, New York, for Appellees.

PRESENT: MESKILL, NEWMAN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff Catryna Seymour appeals the Rule 12(b)(6) dismissal of her libel action against The Lakeville Journal. We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6), *see Nicolaou v. Horizon Media, Inc.*, 402 F.3d 325, 327 (2d Cir.2005), and will affirm only if it appears that the plaintiff can prove no set of facts that will entitle her to relief on the pleaded claim, *see Velez v. Levy*, 401 F.3d 75, 84 (2d Cir.2005). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

Plaintiff submits that the district court erred in concluding that the defendant's published statements are not reasonably susceptible to a defamatory connotation under New York law. *See Celle v. Filipino Reporter Enters., Inc.*, 209 F.3d 163, 177–78 (2d Cir.2000) (and cases cited therein). In making such a determination, a court does not construe the challenged statements " 'with the close precision expected from lawyers and judges' " but rather considers how they would be " 'read and understood *by the public to which they are addressed.* ' " *Celle v. Filipino Reporter Enters., Inc.*, 209 F.3d at 177 (quoting *November v. Time Inc.*, 13 N.Y.2d 175,

179, 244 N.Y.S.2d 309, 312, 194 N.E.2d 126 (1963)) (emphasis in original).

■ Applying this principle to our own review, we conclude that the challenged article, even when considered in light of Conn. Gen.Stat. § 12–71b(d), is not reasonably susceptible to a defamatory connotation. While the article reports on town proceedings concluding that plaintiff's car taxes should have been paid to Falls Village rather than to Salisbury (where the tax rate was significantly lower), nothing in the article states or even implies that the error was the result of deliberate tax evasion. Nor does the article, read as a whole, convey such an implication. Indeed, the challenged article quotes extensively from plaintiff's own press release explaining the innocent circumstances that led her to conclude that her tax obligation was to Salisbury. On these facts, no reasonable reader would infer that plaintiff deliberately violated state tax law.

■ In any event, because the article accurately reports official town proceedings with respect to plaintiff's tax obligations, defendant is immune from suit pursuant to N.Y. Civ. Rights Law § 74, which states: "A civil action cannot be maintained against any ... corporation, for the publication of a fair and true report of any ... official proceeding, or for any heading of the report which is a fair and true headnote of the statement published." *See McDonald v. East Hampton Star,* 10 A.D.3d 639, 639–40, 781 N.Y.S.2d 694, 695 (2d Dep't 2004) (citing *Holy Spirit Ass'n for Unification of World Christianity v. New York Times Co.,* 49 N.Y.2d 63, 67, 424 N.Y.S. 165, 167 (1979)).

The district court's December 13, 2004 judgment of dismissal is hereby AFFIRMED.