■ PAUL PALMIERI, Plaintiff, and COALITION OF LANDLORDS, HOMEOWNERS & MERCHANTS, INC., Appellant, v DAWN C. THOMAS et al., Respondents. [814 NYS2d 717]—

In an action, inter alia, to recover damages for defamation, the plaintiff Coalition of Landlords, Homeowners & Merchants, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated October 22, 2004, as granted those branches of the separate motions of the defendant Dawn C. Thomas and the defendant Times/Review Newspapers Corp. which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them and denied that branch of its cross motion, made jointly with the plaintiff Paul Palmieri, which was for leave to file a second amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that on the Court's own motion, counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing such sanctions and costs, if any, against the plaintiff Coalition of Landlords, Homeowners & Merchants, Inc., and/or its counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before June 2, 2006; and it is further,

Ordered that the Clerk of the Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

Civil Rights Law § 74 provides, in relevant part, that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding . . . or other official proceeding." The Court

of Appeals has noted that "[f]or a report to be characterized as 'fair and true' within the meaning of the statute, thus immunizing its publisher from a civil suit sounding in libel, it is enough that the substance of the article be substantially accurate" (*Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 67 [1979]; *see McDonald v East Hampton Star*, 10 AD3d 639 [2004]). Moreover, "a fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated" (*Briarcliff Lodge Hotel, Inc. v Citizen-Sentinel Publs., Inc.*, 260 NY 106, 118 [1932]).

The newspaper article upon which this defamation action is based is a substantially accurate report of the judicial proceedings in which it was determined that penal sanctions should be imposed against the plaintiff Coalition of Landlords, Homeowners & Merchants, Inc. (hereinafter the Coalition), as the attorney of record, for the assertion of duplicative and frivolous claims in the underlying lawsuits. The complained-of statements appearing in the news article were either absolutely privileged pursuant to Civil Rights Law § 74 (*see Holy Spirit Assn. for Unification of World Christianity v New York Times Co., supra; see McDonald v East Hampton Star, supra*), or consisted of nonactionable opinion (*see Gross v New York Times Co.*, 82 NY2d 146, 152-153 [1993]; *Steinhilber v Alphonse*, 68 NY2d 283 [1986]). Accordingly, the Supreme Court's dismissal of the complaint pursuant to CPLR 3211 (a) (1) and (7) was proper.

Moreover, the Supreme Court providently exercised its discretion in denying that branch of the cross motion which was for leave to file a second amended complaint (*see* CPLR 3025 [b]; *Voyticky v Duffy*, 19 AD3d 685 [2005]). The Coalition offered no excuse for its delay in moving for leave, and failed to demonstrate that the proposed new causes of action were not palpably insufficient or patently devoid of merit.

The Coalition's arguments appear to be completely without merit in law and unsupported by a reasonable argument for an extension, modification, or reversal of existing law, or undertaken primarily to delay or prolong the resolution of litigation or to harass or maliciously injure another (*see* 22 NYCRR 130-1.1 [c]). Accordingly, we direct counsel for the parties to submit affirmations or affidavits on the issue of the imposition of sanctions and/or costs against the Coalition and/or its counsel. Krausman, J.P., Luciano, Fisher and Dillon, JJ., concur.