■ EDWARD SCHEHR, Respondent, v MICHAEL MCEVOY et al., Appellants, et al., Defendant. [842 NYS2d 32]—

In an action to recover damages for wrongful eviction and conversion, the defendants Michael McEvoy and Empire State Properties, Inc., appeal from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered January 10, 2006, which, upon granting the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, and upon an order of the same court dated October 6, 2005, granting their motion to set aside the award of punitive damages only to the extent of reducing the award from the sum of $200,000 to the sum of $100,000 upon the plaintiff's stipulation, is in favor of the plaintiff and against them in the total sum of $129,900.

Ordered that the judgment is affirmed, with costs.

At trial the plaintiff established his prima facie case and the defendants did not put on a case. Thereafter, the trial court granted the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability. "A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier

could base a finding in favor of the nonmoving party" (*Szczer-biak v Pilat*, 90 NY2d 553, 556 [1997]; *cf. Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]). In considering the motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Hand v Field*, 15 AD3d 542, 543 [2005] [internal quotation marks omitted]; *see Szczerbiak v Pilat*, 90 NY2d at 556, *supra*). Here, as the appellants failed to present an affirmative case to contradict the plaintiff's prima facie evidence, the Supreme Court properly granted the plaintiff's motion for judgment as a matter of law on the issue of liability.

The award of punitive damages, as reduced by the Supreme Court upon the plaintiff's stipulation, was not constitutionally excessive (*see Deters v Equifax Credit Info. Servs., Inc.*, 202 F3d 1262, 1272 [2000]; *cf. Fournier v Services for the Underserved*, 191 Misc 2d 290, 292 [2002]; *see generally State Farm Mut. Automobile Ins. Co. v Campbell*, 538 US 408, 425 [2003]; *BMW of North America, Inc. v Gore*, 517 US 559 [1996]) and was certainly warranted due to the "high degree of moral turpitude" (*Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 479 [2007]) exhibited by Patrick McEvoy, an agent of the defendant Empire State Properties, Inc.

The appellants failed to preserve for appellate review their contention that the Supreme Court charged the jury with an incorrect burden of proof regarding punitive damages (*cf. Prote Contr. Co. v Board of Educ. of City of N.Y.*, 276 AD2d 309 [2000]).

The appellants' remaining contention that the punitive damages award should not be applied to the defendant Michael McEvoy is also unpreserved for appellate review and is being raised for the first time on appeal. We do not consider it (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568, 571 [2004]). Crane, J.P., Ritter, Dillon and Carni, JJ., concur.