■ URI TORNHEIM, Appellant, v BLUE & WHITE FOOD PRODUCTS CORP., Respondent. [900 NYS2d 424]—

In an action, inter alia, for a judgment declaring that the plaintiff is the beneficial owner of 20% of the shares of the stock in the defendant, Blue & White Food Products Corp., and to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Nelson, J.), entered September 12, 2008, as denied his motion pursuant to CPLR 3126 to strike the answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

"It is well settled that a trial court is given broad discretion to oversee the discovery process" (*Castillo v Henry Schein, Inc.*, 259 AD2d 651, 652 [1999]). Although actions should be resolved on the merits wherever possible (*see Cruzatti v St. Mary's Hosp.*, 193 AD2d 579, 580 [1993]), a court may strike the "pleadings or parts thereof" (CPLR 3126 [3]) as a sanction against a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). While the nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the motion court (*see Soto v City of Long Beach*, 197 AD2d 615, 616 [1993]; *Spira v Antoine*, 191 AD2d 219 [1993]), "striking a pleading is not appropriate absent a clear showing that the failure to comply with discovery demands was willful or contumacious" (*Anonymous v Duane Reade, Inc.*, 49 AD3d 479, 480 [2008]).

Here, the plaintiff's discovery requests were overly broad and unduly burdensome. The plaintiff sought large numbers of documents that were irrelevant to his causes of action. The Supreme Court providently exercised its discretion in denying the plaintiff's motion to strike the defendant's answer on the ground that the defendant failed to fully comply with these burdensome demands.

The plaintiff's remaining contentions are raised for the first

time on appeal and, accordingly, are not properly before this Court (*see generally Schehr v McEvoy*, 43 AD3d 899, 900 [2007]). Mastro, J.P., Eng, Belen and Austin, JJ., concur.