■ URI TORNHEIM, Appellant, v BLUE & WHITE FOOD PRODUCTS CORP., Respondent. [900 NYS2d 426]—

In an action, inter alia, for a judgment declaring that the plaintiff is the beneficial owner of 20% of the shares of the stock in the defendant, Blue & White Food Products Corp., and to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Nelson, J.), entered January 30, 2009, which denied his motion pursuant to CPLR 3126 to strike the answer.

Ordered that the order is affirmed, with costs; and it is further,

Ordered that on the Court's own motion, counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing such sanctions and costs, if any, against the plaintiff and/or his counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before June 4, 2010; and it is further,

Ordered that the Clerk of the Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

"It is well settled that a trial court is given broad discretion to oversee the discovery process" (*Castillo v Henry Schein, Inc.*, 259 AD2d 651, 652 [1999]). Although actions should be resolved on the merits wherever possible (*see Cruzatti v St. Mary's Hosp.*, 193 AD2d 579, 580 [1993]), a court may strike the "pleadings or parts thereof" (CPLR 3126 [3]) as a sanction against a party who "refuses to obey an order for disclosure or willfully fails to

disclose information which the court finds ought to have been disclosed" (CPLR 3126). While the nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the motion court (*see Soto v City of Long Beach*, 197 AD2d 615, 616 [1993]; *Spira v Antoine*, 191 AD2d 219 [1993]), "striking a pleading is not appropriate absent a clear showing that the failure to comply with discovery demands was willful or contumacious" (*Anonymous v Duane Reade, Inc.*, 49 AD3d 479, 480 [2008]).

Here, in an order entered September 12, 2008, the Supreme Court directed the defendant to produce any documents relating to certain equipment that it leased. In response, the defendant produced invoices, letters, check registers, and canceled checks relating to leased equipment. The plaintiff then moved, as he had done several times previously throughout this litigation, to strike the answer, this time on the ground that the production of these documents did not comply with the order entered September 12, 2008.

Contrary to the plaintiff's contention, the documents clearly complied with the order entered September 12, 2008, and the plaintiff, on his motion to strike the answer, failed to articulate why he believed that these documents were nonresponsive. Accordingly, the Supreme Court correctly determined that the defendant's disclosure was "more than adequate." There was no basis for the striking of the answer, and the Supreme Court providently exercised its discretion in denying the plaintiff's motion for that relief.

The plaintiff's remaining contentions are raised for the first time on appeal and, accordingly, are not properly before this Court (*see generally Schehr v McEvoy*, 43 AD3d 899, 900 [2007]).

The conduct of the plaintiff and his attorney in pursuing the instant appeal appears to be completely without merit in law or fact and unsupported by a reasonable argument for an extension, modification, or reversal of existing law, or undertaken primarily to delay or prolong the resolution of litigation or to harass or maliciously injure another (*see* 22 NYCRR 130-1.1 [c]; *Palmieri v Thomas*, 29 AD3d 658, 659 [2006]; *Weinstock v Weinstock*, 253 AD2d 873, 874 [1998], *cert denied* 526 US 1088 [1999]). Accordingly, we direct counsel for the parties to submit affirmations or affidavits on the issue of the imposition of sanctions and/or costs against the plaintiff or his attorney pursuant to 22 NYCRR 130-1.1 (c). Mastro, J.P., Eng, Belen and Austin, JJ., concur.