■ Uri Tornheim, Appellant, v Blue & White Food Products Corp., Respondent. [901 NYS2d 309]—

In an action, inter alia, for a judgment declaring that the plaintiff is the beneficial owner of 20% of the shares of the stock in the defendant, Blue & White Food Products Corp., and to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Nelson, J.), entered February 5, 2009, which denied his motion pursuant to CPLR 3126 and 3124 to strike the answer and to compel the production of certain documents.

Ordered that the order is affirmed, with costs; and it is further,

Ordered that on the Court's own motion, counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing such sanctions and costs, if any, against the plaintiff and/or his counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before June 4, 2010; and it is further,

Ordered that the Clerk of the Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

"It is well settled that a trial court is given broad discretion to oversee the discovery process" (*Castillo v Henry Schein, Inc.*, 259 AD2d 651, 652 [1999]). Although actions should be resolved on the merits wherever possible (*see Cruzatti v St. Mary's Hosp.*, 193 AD2d 579, 580 [1993]), a court may strike the "pleadings or parts thereof" (CPLR 3126 [3]) as a sanction against a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). While the nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the motion court (*see Soto v City of Long Beach*, 197 AD2d 615, 616 [1993]; *Spira v Antoine*, 191 AD2d 219 [1993]), "striking a pleading is not appropriate absent a clear showing that the failure to comply with discovery demands was willful and contumacious" (*Anonymous v Duane Reade, Inc.*, 49 AD3d 479, 480 [2008]).

The Supreme Court properly denied the plaintiff's motion to strike the answer on the ground that the defendant concealed a bank account from him. The account at issue contains no information relevant to the plaintiff's case and, more importantly,

the plaintiff has presented no evidence that the defendant attempted to conceal it. The Supreme Court also properly denied that branch of the plaintiff's motion which was to compel the production of documents relating to this account.

The plaintiff's remaining contentions are raised for the first time on appeal and, accordingly, are not properly before this Court (see generally *Schehr v McEvoy*, 43 AD3d 899, 900 [2007]).

The conduct of the plaintiff and his attorney in pursuing the instant appeal appears to be completely without merit in law or fact and unsupported by a reasonable argument for an extension, modification, or reversal of existing law, or undertaken primarily to delay or prolong the resolution of litigation or to harass or maliciously injure another (see 22 NYCRR 130-1.1 [c]; *Palmieri v Thomas*, 29 AD3d 658, 659 [2006]). The motion that is the subject of this appeal was one of many motions to strike the answer that the plaintiff made throughout this litigation, and each of these motions lacked merit (see *Tornheim v Blue & White Food Products Corp.*, 73 AD3d 746 [2010] [decided herewith]; *Tornheim v Blue & White Food Products Corp.*, 73 AD3d 747 [2010] [decided herewith]; *Tornheim v Blue & White Food Products Corp.*, 73 AD3d 749 [2010] [decided herewith]; see generally *Weinstock v Weinstock*, 253 AD2d 873, 874 [1998], cert denied 526 US 1088 [1999]). Accordingly, we direct counsel for the parties to submit affirmations or affidavits on the issue of the imposition of sanctions and/or costs against the plaintiff or his attorney. Mastro, J.P., Eng, Belen and Austin, JJ., concur.