■ WELLS FARGO BANK, N.A., Successor by Merger to WELLS FARGO BANK N.A., Successor by Merger to WELLS FARGO SOUTHWEST, N.A., Formerly Known as WACHOVIA MORTGAGE FSB, Respondent, v CHRISTINE MAZZARA, Appellant, et al., Defendants. [2 NYS3d 553]—

In an action to foreclose a mortgage, the defendant Christine Mazzara appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated November 12, 2013, as denied those branches of her motion which were pursuant CPLR 5015 (a) to vacate an order of reference of the same court dated April 30, 2012, entered upon her default, and pursuant to CPLR 1012 (a) or, alternatively, CPLR 1013, for leave to permit Frank Mazzara to intervene in the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

A party seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Citibank [S.D.], N.A. v Baron, 115 AD3d 901 [2014]; U.S. Bank N.A. v Slavinski, 78 AD3d 1167 [2010]; O'Donnell v Frangakis, 76 AD3d 999, 1000 [2010]; Katz v Marra, 74 AD3d 888, 890 [2010]).

Here, the appellant failed to demonstrate a reasonable excuse for her default. In view of the lack of a reasonable excuse, it was unnecessary for the Supreme Court to consider whether the appellant sufficiently demonstrated the existence of a potentially meritorious defense (see Centennial El. Indus., Inc. v Ninety-Five Madison Corp., 90 AD3d 689, 690 [2011]; O'Donnell v Frangakis, 76 AD3d at 1000). In any event, the court properly determined that the appellant failed to make such a showing.

Upon a timely motion, a person is permitted to intervene in an action as of right, "1. when a statute of the state confers an absolute right to intervene; or 2. when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment; or 3. when the ac-

tion involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment" (CPLR 1012 [a]). Additionally, upon a timely motion, the court, in its discretion, may permit a person to intervene, "when a statute of the state confers a right to intervene . . . or when the person's claim or defense and the main action have a common question of law or fact" (CPLR 1013). In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party (*see id.*).

Contrary to the appellant's contention, the Supreme Court properly determined that Frank Mazzara should not be permitted to intervene in the action. The motion, made nearly four years after the commencement of the action, was not timely. Furthermore, it is undisputed that Frank Mazzara was not a borrower, mortgagor, or record owner of the subject premises. Indeed, the affidavit submitted by Frank Mazzara did not even affirmatively assert that he was residing at the subject premises at the time the action was commenced. Nevertheless, even if Frank Mazzara was a tenant or occupant, this still would not warrant intervention at this late stage because, while tenants are necessary parties to a foreclosure action, they are not indispensable parties (*see NYCTL 1998-2 Trust v Michael Holdings, Inc.*, 77 AD3d 805, 806 [2010]; *G.C.M. Corp. v 382 Van Duzer Corp.*, 249 AD2d 264, 265 [1998]; *Balt v J.S. Funding Corp.*, 230 AD2d 699 [1996]).

Accordingly, the Supreme Court properly denied those branches of the appellant's motion which were to vacate the order of reference entered upon her default, and for leave to permit Frank Mazzara to intervene in the action. Skelos, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.