■ GREGORY P. SCIALDONE, Appellant, v STEPPING STONES ASSOCIATES, L.P., et al., Respondents. [49 NYS3d 718]—

In an action, inter alia, to recover damages for eviction from a parking space, to determine the plaintiff's right to the parking space, and for injunctive relief, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered January 30, 2014, which, among other things, denied those branches of his motion which were to hold the defendants in civil and criminal contempt and for leave to reargue with respect to an order of the same court entered May 29, 2013, and granted the defendants' cross motion for an award of costs and an attorney's fee based on the plaintiff's frivolous conduct to the extent of awarding them $500. Application by the defendants for the imposition of a sanction and/or costs against the plaintiff pursuant to 22 NYCRR 130-1.1.

Ordered that the appeal from so much of the order as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (*see Viola v Blanco*, 1 AD3d 506, 507 [2003]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered the defendants' application is granted to the extent that the plaintiff is directed to pay a sanction in the sum of $7,500; within 20 days after service of a copy of this decision and order upon him, he shall deposit the sum of $7,500 with the Lawyers' Fund for Client Protection, and file proof of payment with the Clerk of this Court (*see* 22 NYCRR 130-1.3), and the application is otherwise denied; and it is further,

Ordered that the Clerk of the Supreme Court, Westchester County, shall enter judgment accordingly (*see* 22 NYCRR 130-1.2); and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff commenced this action in 2011, alleging that he is a tenant of an apartment complex in White Plains, owned and operated by the defendants, Stepping Stones Associates, L.P., and DeRosa Builders, Inc., and that he was constructively evicted from one of his three parking spaces in the complex. The complaint sought a determination of the plaintiff's right to use the parking space, injunctive relief, and damages exceeding $5 million.

Contrary to the plaintiff's contention, the Supreme Court properly denied those branches of his motion which were to hold the defendants in civil and criminal contempt. "[F]or [a] plaintiff to prevail on [a] motion to hold the defendant in civil contempt, [he or] she [i]s required to prove by clear and convincing evidence (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct" (*El-Dehdan v El-Dehdan*, 114 AD3d 4, 16 [2013], *affd* 26 NY3d 19 [2015] [internal quotation marks omitted]). Moreover, an essential element of criminal contempt is willful disobedience of the court order (*see El-Dehdan v El-Dehdan*, 26 NY3d at 35; *Matter of Figueroa-Rolon v Torres*, 121 AD3d 684, 685 [2014]).

Here, an order entered May 29, 2013, had directed the defendants to provide copies of certain documents to be photographed by the plaintiff's expert. The order further provided that the plaintiff's expert was to be identified 10 days in advance. In opposition to the contempt motion, the defendants noted that the plaintiff never identified the expert who was to photograph the documents. The plaintiff submitted no evidence that he complied with the order at issue by identifying an expert photographer. Thus, the Supreme Court properly denied that branch of the plaintiff's motion which was to hold the defendants in civil and criminal contempt.

The Supreme Court also properly granted the defendants' cross motion for an award of costs and an attorney's fee based on the plaintiff's frivolous conduct. A motion is frivolous if it is completely without merit in law or fact and unsupported by a reasonable argument for an extension, modification, or reversal of existing law, is undertaken primarily to delay resolution of the litigation, or asserts material factual statements that are false (*see* 22 NYCRR 130-1.1 [c]; *Tornheim v Blue & White Food Prods. Corp.*, 73 AD3d 749 [2010]). The plaintiff's conduct should be viewed in the light of his prior conduct during this litigation (*see Heilbut v Heilbut*, 18 AD3d 1, 9 [2005]). Here, the plaintiff's contempt motion was one in a series of motions which were completely lacking in merit, and which were designed to harass the defendants and delay discovery.

The defendants request that we impose a sanction and/or costs against the plaintiff for his pursuit of a frivolous appeal, and the plaintiff has had an opportunity to address the issue. The conduct of the plaintiff in pursuing the instant appeal is completely without merit in law or fact, and is unsupported by a reasonable argument for an extension, modification, or reversal of existing law (*see* 22 NYCRR 130-1.1 [c]; *Ram v Torto*, 111 AD3d 814 [2013]; *Tornheim v Blue & White Food Prods. Corp.*, 73 AD3d 749 [2010]; *Weinstock v Weinstock*, 253 AD2d 873, 874 [1998]). Accordingly, the instant appeal is frivolous within the meaning of 22 NYCRR 130-1.1 (c) and, under the circumstances, we impose a sanction against the plaintiff in the amount of $7,500 as an appropriate penalty for his conduct. We decline the defendants' request for an award of costs pursuant to 22 NYCRR 130-1.1 (a).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.