Burrell v Baptista (2020 NY Slip Op 01319)





Burrell v Baptista


2020 NY Slip Op 01319


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-08293
 (Index No. 18471/10)

[*1]Lizabeth L. Burrell, et al., appellants,
v
Ingrid Baptista, etc., respondent.


Lizabeth L. Burrell and Geoffrey J. Ginos, Lincoln, Vermont, appellants pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiffs appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated April 27, 2018. The order denied the plaintiffs' renewed motion pursuant to CPLR 3126, inter alia, to strike the defendant's answer.
ORDERED that the order is affirmed, without costs or disbursements.
A trial court has broad discretion to oversee the discovery process (see Tornheim v Blue & White Food Prods. Corp., 73 AD3d 746), and such discretion extends to the resolution of discovery disputes and the nature and degree of any penalty to be imposed pursuant to CPLR 3126 (see Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601; Morales v Zherka, 140 AD3d 836, 836-837). "The drastic remedy of striking a pleading is not appropriate absent a clear showing that the failure to comply with discovery demands was willful or contumacious" (Warner v Orange County Regional Med. Ctr., 126 AD3d 887, 887).
Contrary to the plaintiffs' contention, the record does not establish a clear showing of a pattern of willfulness or contumacious conduct necessary to justify the striking of the defendant's answer pursuant to CPLR 3126, and the Supreme Court providently exercised its discretion in denying the plaintiffs' renewed motion for discovery sanctions (see Warner v Orange County Regional Med. Ctr., 126 AD3d at 887; Scorzari v Pezza, 111 AD3d 916, 916-917; Tornheim v Blue & White Food Prods. Corp., 73 AD3d at 746).
The plaintiffs' remaining contentions are either without merit or not properly before us.
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court