Farmer v Gazebo Contr., Inc. (2023 NY Slip Op 03849)

Farmer v Gazebo Contr., Inc.

2023 NY Slip Op 03849

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2019-13923
2020-04328
 (Index No. 700499/17)

[*1]Richard Farmer, appellant, 
v
Gazebo Contracting, Inc., et al., respondents.

Kevin Kerveng Tung, P.C., Flushing, NY, for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for respondent Gazebo Contracting, Inc.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Scott Shorr and Elizabeth I. Freedman of counsel), for respondent City of New York.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated October 24, 2019, and (2) an order of the same court dated May 20, 2020. The order dated October 24, 2019, insofar as appealed from, granted that branch of the motion of the defendant Gazebo Contracting, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and denied those branches of the plaintiff's cross-motion which were pursuant to CPLR 3126 to strike the defendants' respective answers. The order dated May 20, 2020, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to reargue his opposition to that branch of the prior motion of the defendant Gazebo Contracting, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal from the order dated May 20, 2020, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated October 24, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff allegedly sustained injuries when he stepped in an uncovered hole surrounding a utility pole on the sidewalk at the corner of Linden Place and 35th Avenue in Queens. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against the defendants the City of New York and Gazebo Contracting, Inc. (hereinafter Gazebo). The City and Gazebo interposed separate answers.
In September 2018, Gazebo moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed Gazebo's motion and cross-moved, inter alia, [*2]pursuant to CPLR 3126 to strike the defendants' respective answers for willful failure to comply with certain discovery demands, and submitted, inter alia, letters from his counsel to Gazebo's counsel and to the City's counsel regarding alleged outstanding discovery. The City and Gazebo separately opposed those branches of the plaintiff's cross-motion which were pursuant to CPLR 3126 to strike their respective answers, and the City expressly contended that the plaintiff failed to provide an affidavit of good faith in compliance with 22 NYCRR 202.7. Thereafter, the plaintiff submitted two affidavits from his attorney in which his attorney attested to the efforts made to resolve the discovery disputes with counsel for the City and counsel for Gazebo.
By order dated October 24, 2019, the Supreme Court, inter alia, granted that branch of Gazebo's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The court also denied those branches of the plaintiff's cross-motion which were pursuant to CPLR 3126 to strike the defendants' respective answers, holding that the plaintiff's submissions failed to satisfy the requirements of 22 NYCRR 202.7(c). The plaintiff appeals.
The Supreme Court properly granted that branch of Gazebo's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "As a general rule, liability for a dangerous condition on property is predicated upon ownership, occupancy, control, or special use of the property"(Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1013, quoting Millman v Citibank, 216 AD2d 278, 278). "In the absence of ownership, occupancy, control, or special use, a party generally cannot be held liable for injuries caused by the dangerous or defective condition of the property" (Toner v Trader Joe's E., Inc., 209 AD3d 690, 692 [internal quotation marks omitted]; see Smith v 4 Empire Mgt. Group, Inc., 208 AD3d 811, 812; Jeffrey v City of New York, 194 AD3d 701, 702). Liability can also be imposed upon a party that creates a dangerous condition on the property (see Suzanne P. v Joint Bd. of Directors of Erie-Wyoming County Soil Conservation Dist., 175 AD3d 1093, 1094; McManamon v Rockland County Ancient Order of Hibernians, 166 AD3d 955, 957). Here, Gazebo demonstrated that it did not own, occupy, control, or make special use of the sidewalk where the accident occurred and did not perform any work on the sidewalk prior to the plaintiff's accident. Thus, Gazebo established its prima facie entitlement to judgment as a matter of law (see Aversano v City of New York, 265 AD2d 437; Lopez v H & M Mech. Contrs., 236 AD2d 448, 448). In opposition, the plaintiff failed to raise a triable issue of fact.
Although Gazebo had a contract with the City to perform work on the sidewalk, a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party. The Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [citations omitted]; see Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d 253, 257; Cacciuottolo v Brown Harris Stevens Mgt, 197 AD3d 551, 552). Since the plaintiff did not allege facts in the complaint or verified bill of particulars that would establish the possible applicability of any of the Espinal exceptions, Gazebo, in establishing its prima facie entitlement to judgment as a matter of law, was not required to affirmatively demonstrate that these exceptions did not apply. In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of one or more of the three Espinal exceptions. Accordingly, the Supreme Court properly granted that branch of Gazebo's motion which was for summary judgment dismissing the complaint insofar as asserted against it (see Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d at 1013; Hagan v City of New York, 166 AD3d 590, 592; Laronga v Atlas-Suffolk Corp., 164 AD3d 893, 896).
Further, the Supreme Court providently exercised its discretion in denying those branches of the plaintiff's cross-motion which were pursuant to CPLR 3126 to strike the defendants' respective answers. Contrary to the defendants' contentions, the affirmations of the plaintiff's attorney, together with the attached letters to counsel for Gazebo and for the City, were sufficient to satisfy the requirements of 22 NYCRR 202.7(c) (see Matter of Cheryl LaBella Hoppenstein 2005 Tr., 186 AD3d 1230, 1233; Cuprill v Citywide Towing & Auto Repair Servs., 149 AD3d 442, 443). [*3]Nevertheless, the plaintiff failed to establish the clear showing of a pattern of willfulness or contumacious conduct necessary to justify the striking of either defendants' answer pursuant to CPLR 3126 (see Burrell v Baptista, 180 AD3d 988; Tanriverdi v United Skates of Am., Inc., 164 AD3d 858, 860).
The plaintiff's remaining contentions are not properly before this Court.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court