Deutsche Bank Natl. Trust Co. v Sharrow (2024 NY Slip Op 05788)

Deutsche Bank Natl. Trust Co. v Sharrow

2024 NY Slip Op 05788

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-01002
 (Index No. 135138/13)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
George Sharrow, etc., et al., defendants; Robert S. Carroll, etc., nonparty-appellant. 

Robert S. Carroll, Staten Island, NY, appellant pro se.
Hinshaw & Culbertson LLP, New York, NY (Anthony P. Scali and Ronald H. Park of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Robert S. Carroll appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated December 19, 2022. The order, insofar as appealed from, denied those branches of the motion of nonparty Robert S. Carroll which were for leave to intervene in the action and to set aside a foreclosure sale, and, in effect, granted the plaintiff's application pursuant to 22 NYCRR 130-1.1(c) for an award of attorneys' fees and costs.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, in effect, granted the plaintiff's application pursuant to 22 NYCRR 130-1.1(c) for an award of attorneys' fees and costs is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 27, 2005, the defendant George Sharrow (hereinafter the borrower) executed and delivered to Washington Mutual Bank, FA, a note in the amount of $440,000, secured by a mortgage on a particular condominium unit (hereinafter the unit) located in Staten Island. On June 10, 2013, the plaintiff commenced this action to foreclose the mortgage against the borrower and the defendants Bay Street Landing Home Owners Association and Board of Managers of the Bay Street Landing Homeowners Association, Inc. (hereinafter together the condominium defendants), among others.
Since 2016, nonparty Robert S. Carroll has been occupying the unit, which was allegedly abandoned by the borrower. In an order and judgment of foreclosure and sale dated November 27, 2017, the Supreme Court, inter alia, directed the sale of the unit.
A referee conducted a foreclosure sale on April 19, 2018, at which time the unit was sold for $600,000 (hereinafter the first sale). By order dated January 29, 2019, the first sale was voided, and the plaintiff was directed to "promptly move forth with the [re-]sale of the Property." By proposed order to show cause filed on April 1, 2019, the condominium defendants, through their [*2]attorney Carroll, sought to postpone the next foreclosure sale because the unit was insufficiently marketed. The Supreme Court declined to sign the proposed order to show cause. A second foreclosure sale was held on April 4, 2019 (hereinafter the second sale), and the unit was sold to A & J Realty of Staten Island Corp. for $425,000.
On August 30, 2021, the condominium defendants filed a consent to change attorney, discharging Carroll as their attorney and retaining new counsel.
In November 2022, Carroll moved, among other things, for leave to intervene in the action and to set aside the second sale, on the basis that the bid price was allegedly suppressed and that the second sale was "[permeated] by fraud." The plaintiff opposed the motion and made an application pursuant to 22 NYCRR 130-1.1(c) for an award of attorneys' fees and costs. By order dated December 19, 2022, the Supreme Court, inter alia, denied those branches of Carroll's motion and, in effect, granted the plaintiff's application for an award of attorneys' fees and costs incurred in defending against Carroll's frivolous motion.
"Under CPLR 1012(a)(3), any person shall be permitted to intervene in an action 'when the action involves the disposition or distribution of . . . property and the person may be affected adversely by the judgment.' CPLR 1012[a] requires a 'timely motion'" (US Bank NA v Osuji, 174 AD3d 947, 948; see U.S. Bank N.A. v Nakash, 195 AD3d 651, 654-655). "Additionally, upon a timely motion, the court, in its discretion, may permit a person to intervene,'when the person's claim or defense and the main action have a common question of law or fact'" (Wells Fargo Bank, N.A. v Mazzara, 124 AD3d 875, 876, quoting CPLR 1013). "In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party" (CPLR 1013; see Wells Fargo Bank, N.A. v Mazzara, 124 AD3d at 876).
Here, that branch of Carroll's motion which was for leave to intervene in the action was untimely, as it was made in November 2022, approximately five years after the order and judgment of foreclosure and sale was issued, and more than nine years after this action was commenced, on June 10, 2013 (see U.S. Bank N.A. v Nakash, 195 AD3d at 655; U.S. Bank NA v Osuji, 174 AD3d at 948; Wells Fargo Bank, N.A. v Mazzara, 124 AD3d at 876). Moreover, notwithstanding the fact that Carroll had been an occupant of the unit since 2016 and was clearly aware of both the first sale and the second sale, he never previously sought leave to intervene (see U.S. Bank NA v Osuji, 174 AD3d at 948). Further, "it is undisputed that [Carroll] was not a borrower, mortgagor, or record owner of the subject premises" (Wells Fargo Bank, N.A. v Mazzara, 124 AD3d at 876). Even if he was a tenant or occupant, "this still would not warrant intervention at this late stage because, while tenants are necessary parties to a foreclosure action, they are not indispensable parties" (id.).
Moreover, Carroll failed to set forth any basis to set aside the second sale. A court may exercise its inherent equitable power to ensure that a foreclosure sale conducted pursuant to a judgment of foreclosure "is not made the instrument of injustice" (Guardian Loan Co. v Early, 47 NY2d 515, 520; see PII Sam, LLC v Koutsagelos, 119 AD3d 846, 846) and, therefore, may set aside a foreclosure sale "'where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale'" (Alkalfi v Celestial Church of Christ Calvary Parish, 24 AD3d 476, 477, quoting Fleet Fin. v Gillerson, 277 AD2d 279, 280; see Liberty Dabar Assoc. v Mohammed, 183 AD3d 880, 882; Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d 895, 896). "Absent such conduct, the mere inadequacy of price is an insufficient reason to set aside a sale unless the price is so inadequate as to shock the court's conscience" (Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d at 896; see Dime Sav. Bank of N.Y. v Zapala, 255 AD2d 547, 548).
Here, Carroll failed to make a showing of fraud, collusion, mistake, or misconduct casting suspicion on the fairness of the second sale (see KeyBank N.A. v Venziano, 203 AD3d 809, 810). Moreover, Carroll failed to demonstrate that the sale price was so inadequate as to shock the court's conscience (see id.).
Additionally, the Supreme Court providently exercised its discretion by, in effect, granting the plaintiff's application pursuant to 22 NYCRR 130.1-1(c) for an award of attorneys' fees and costs. "Courts have discretion to award costs or impose financial sanctions against a party or attorney in a civil action for engaging in frivolous conduct" (Industry LIC Condominium v Hudes, 200 AD3d 761, 761; see 22 NYCRR 130-1.1[a], [b]; U.S. Bank N.A. v Nunez, 208 AD3d 711, 713). "A motion is frivolous if it is completely without merit in law or fact and unsupported by a reasonable argument for an extension, modification, or reversal of existing law, is undertaken primarily to delay resolution of the litigation, or asserts material factual statements that are false" (Scialdone v Stepping Stones Assoc., L.P., 148 AD3d 955, 957; see 22 NYCRR 130-1.1[c]). "In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues, the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party" (22 NYCRR 130-1.1[c]; see Hutter v Citibank, N.A., 142 AD3d 1049, 1049-1050).
Here, under the circumstances, those branches of Carroll's motion which were for leave to intervene in the action and to set aside the second sale were frivolous, and the record reveals no basis to disturb the Supreme Court's exercise of discretion in awarding the plaintiff attorneys' fees and costs incurred in defending against Carroll's motion (see U.S. Bank N.A. v Nunez, 208 AD3d at 714; Notaro v Performance Team, 161 AD3d 1092, 1093; Scialdone v Stepping Stones Assoc., 148 AD3d at 957).
BARROS, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court