Kapoian-Trapani v City of New York (2025 NY Slip Op 04772)

Kapoian-Trapani v City of New York

2025 NY Slip Op 04772

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-08726
 (Index No. 517495/18)

[*1]Alexis Kapoian-Trapani, et al., respondents,
v
City of New York, et al., defendants, Parking Systems Plus, Inc., appellant.

Scahill Law Group P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for appellant.
Robert P. Sharron & Associates, P.C., New York, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the defendant Parking Systems Plus, Inc., appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated May 1, 2024. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Parking Systems Plus, Inc., which were for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it are granted.
The plaintiff Alexis Kapoian-Trapani (hereinafter the injured plaintiff) allegedly was injured when she slipped and fell down stairs in a parking garage located in Brooklyn. The injured plaintiff, and her husband suing derivatively, commenced this action against the owners of the parking garage, the City of New York and the New York City Department of Transportation (hereinafter together the municipal defendants), and Parking Systems Plus, Inc. (hereinafter PSP), which had been contracted by the municipal defendants to manage the garage. Following the completion of discovery, PSP moved, inter alia, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, contending that its contract with the municipal defendants did not give rise to a duty of care to the injured plaintiff. In an order dated May 1, 2024, the Supreme Court, among other things, denied those branches of PSP's motion. PSP appeals.
Generally a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140; Farmer v Gazebo Contr., Inc., 218 AD3d 644, 646). However, the Court of Appeals has recognized three exceptions to the general rule "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d at 140; see Brito-Hernandez v Superior Contr., 233 [*2]AD3d 1058, 1059). "Where the pleadings do not allege facts which would establish the applicability of any of the Espinal exceptions, a defendant is not required to affirmatively demonstrate that the exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law" (Brito-Hernandez v Superior Contr., 233 AD3d at 1059 [internal quotation marks omitted]; see Bushneva v City of New York, 203 AD3d 796, 796).
Here, the plaintiffs did not allege in the complaint or the bill of particulars that any of the Espinal exceptions applied. PSP established its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against it by submitting evidence that the injured plaintiff was not a party to the contract between PSP and the municipal defendants, and therefore, PSP owed the injured plaintiff no duty of care with respect to its obligations under that contract. In opposition, the plaintiffs failed to raise a triable issue of fact as to the applicability of one or more of the three Espinal exceptions (see Brito-Hernandez v Superior Contr., 233 AD3d at 1059-1060; Farmer v Gazebo Contr., Inc., 218 AD3d at 647).
Accordingly, we reverse the order insofar as appealed from and grant those branches of PSP's motion which were for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court