Akther v Jabyali (2026 NY Slip Op 00229)

Akther v Jabyali

2026 NY Slip Op 00229

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-09082
 (Index No. 702946/22)

[*1]Hafija Akther, etc., appellant, 
vBakeel Al Jabyali, et al., respondents, et al., defendants.

Friedman & Simon, LLP, Jericho, NY (John G. Papadopoulos of counsel), for appellant.
Nancy L. Isserlis (The Zweig Law Firm, P.C., Cedarhurst, NY [Jonah S. Zweig], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered June 13, 2024. The order denied the plaintiff's motion pursuant to CPLR 3126 to strike the answer of the defendants Bakeel Al Jabyali and Sally Funding III and, thereupon, for summary judgment on the issue of liability against those defendants.
ORDERED that the order is affirmed, with costs.
In April 2020, the plaintiff's decedent was in a three-vehicle collision that allegedly caused his death. The plaintiff, as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for personal injuries against the defendants Sally Funding III (hereinafter Sally Funding) and Bakeel Al Jabyali (hereinafter together the defendants), among others. The complaint alleged that Jabyali operated a vehicle owned by Sally Funding, which came into contact with the vehicle operated by the decedent. The defendants joined issue and asserted several affirmative defenses in their answer, including that the decedent was solely responsible for the accident.
In an order entered October 20, 2023, the Supreme Court, among other things, directed Jabyali to appear for a deposition on or before November 30, 2023, and stated that the failure to appear for a deposition would result in preclusion of his testimony from trial. After Jabyali did not appear for his deposition, the plaintiff moved pursuant to CPLR 3126 to strike the defendants' answer and, thereupon, for summary judgment on the issue of liability against the defendants. The defendants opposed the motion, contending, among other things, that video evidence, as well as the deposition testimony of the third driver, established triable issues of fact as to whether the decedent was the sole proximate cause of the accident. In an order entered June 13, 2024, the court denied the motion, noting that in accordance with the court's prior order, the testimony of Jabyali would be precluded at the time of trial. The plaintiff appeals from the order entered June 13, 2024.
Pursuant to CPLR 3126, a court may impose discovery sanctions, including the [*2]striking of a pleading or preclusion of evidence, where a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed." The nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 rests within the sound discretion of the motion court (see Farrell v Keldiyarov, 234 AD3d 933, 934; Ferjuste v 437 BMW, LLC, 219 AD3d 1308, 1309; Empire Enters. I.J.J.A., Inc. v Daimler Buses of N. Am., Inc., 172 AD3d 819, 820). "The striking of a pleading is a drastic remedy that may only be warranted upon a clear showing that the failure to comply with discovery demands or court-ordered discovery was willful and contumacious" (Lucas v Stam, 147 AD3d 921, 926; see Farrell v Keldiyarov, 234 AD3d at 934). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders and the absence of a reasonable excuse for these failures" (Plenty v New York City Tr. Auth., 229 AD3d 571, 572-573; see Farrell v Keldiyarov, 234 AD3d at 934-935). Here, the plaintiff failed to make a clear showing of a pattern of willful and contumacious conduct by the defendants so as to warrant the striking of their answer (see Farmer v Gazebo Contr., Inc., 218 AD3d 644, 647; Burrell v Baptista, 180 AD3d 988, 988). Thus, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answer and, thereupon, for summary judgment on the issue of liability against the defendants.
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court